IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

ORCA COMMUNICATIONS UNLIMITED, LLC, A LIMITED LIABILITY
COMPANY,
*Plaintiff/Appellant*,

*v.*

ANN J. NODER AND CHRISTOPHER C. NODER, WIFE AND HUSBAND; PITCH
PUBLIC RELATIONS, LLC, A LIMITED LIABILITY COMPANY,
*Defendants/Appellees*.

No. CV-13-0351-PR
Filed November 19, 2014

Appeal from the Superior Court in Maricopa County
The Honorable John A. Buttrick
No. CV2010-023187
**REVERSED AND REMANDED**

Opinion of the Court of Appeals, Division One
233 Ariz. 411, 314 P.3d 89 (App. 2013)
**AFFIRMED IN PART; DEPUBLISHED IN PART**

COUNSEL:

David B. Earl (argued), Phoenix, for Orca Communications Unlimited,
LLC

Monica A. Limón-Wynn (argued), Law Offices of Monica A. Limón-Wynn
Law PLLC, Tempe, for Ann J. Noder, Christopher C. Noder and Pitch
Public Relations, LLC

VICE CHIEF JUSTICE PELANDER authored the opinion of the Court, in
which CHIEF JUSTICE BALES, JUSTICE BERCH, JUSTICE BRUTINEL,
and JUSTICE TIMMER joined.

VICE CHIEF JUSTICE PELANDER, opinion of the Court:

¶1        Arizona's Uniform Trade Secrets Act ("AUTSA"), A.R.S. §§ 44-401 to -407, creates an exclusive cause of action—and displaces conflicting causes of action—for claims based on the misappropriation of trade secrets.  We hold that AUTSA does not displace common-law claims based on alleged misappropriation of confidential information that is not a trade secret.

**I.**

¶2        Because the superior court dismissed the plaintiff's complaint pursuant to Arizona Rule of Civil Procedure 12(b)(6), we "look only to the pleading itself and consider the well-pled factual allegations contained therein." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 ¶ 7, 189 P.3d 344, 346 (2008).   The complaint alleges that between 2002 and 2009, Ann Noder served as president of Orca Communications Unlimited, LLC ("Orca"), a public relations company.  During that time, she had access to its contracts, financial data, and customer information.  After a failed negotiation to purchase Orca in early 2009, Noder informed some of Orca's customers that she was starting a competing company, Pitch Public Relations, LLC, and urged them to do business with her new company instead of with Orca. Noder resigned from Orca in May 2009.  This action by Orca against Noder and her company followed.

¶3        In the only claim at issue here—"unfair competition"—Orca alleged that Noder had "learned confidential and trade secret information about Orca," including "information about Orca's business model, operating procedures, techniques, and strengths and weaknesses."  Orca further alleged that Noder intended to "steal[]" and "exploit" that information and Orca's customers to gain a competitive advantage for her company.

¶4        The superior court dismissed Orca's complaint under Rule 12(b)(6), concluding that AUTSA preempts Orca's "common law tort claims arising from the alleged misuse of 'confidential information,'" even as to information "not asserted to rise to the level of a trade secret."  The court of appeals reversed in part, holding that AUTSA preempts Orca's unfair-competition claim to the extent it is based on misappropriation of a trade secret, but that AUTSA "does not preempt a claim based on the misuse of confidential information that does not rise to the level of [a] trade secret."

*Orca Commc'ns Unlimited, LLC v. Noder*, 233 Ariz. 411, 419 ¶ 28, 421 ¶ 31, 314 P.3d 89, 97, 99 (App. 2013).

**¶5**        We granted review because the scope of AUTSA's displacement of common-law tort claims is a legal issue of statewide importance.  We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II.

**¶6**        We review de novo the dismissal of a complaint under Rule 12(b)(6).  *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7, 284 P.3d 863, 866 (2012).  Dismissal for failure to state a claim is appropriate "only if as a matter of law [the] plaintiff[] would not be entitled to relief under any interpretation of the facts susceptible of proof."  *Id.* at 356 ¶ 8, 284 P.3d at 867 (citation and internal quotation marks omitted).

## A.

**¶7**        The Arizona Legislature enacted AUTSA in 1990 and adopted most of the provisions of the Uniform Trade Secrets Act, "which codifies the basic principles of common-law trade-secret protection, to govern the resolution of trade-secret issues."  *Enter. Leasing Co. of Phx. v. Ehmke*, 197 Ariz. 144, 148 ¶ 12, 3 P.3d 1064, 1068 (App. 1999).  AUTSA defines "trade secret" as

> information, including a formula, pattern, compilation, program, device, method, technique or process, that both:
>
> (a)      Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.
>
> (b)      Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

A.R.S. § 44-401(4).

**¶8**        This case requires us to interpret the scope of AUTSA's displacement provision, which states as follows:

A. Except as provided in subsection B, this chapter displaces conflicting tort, restitutionary and other laws of this state providing civil remedies for misappropriation of a trade secret.

B. This chapter does not affect:

1. Contractual remedies, whether or not based on misappropriation of a trade secret.

2. Other civil remedies that are not based on misappropriation of a trade secret.

3. Criminal remedies, whether or not based on misappropriation of a trade secret.

*Id.* § 44-407.

**B.**

¶9        If a statute is unambiguous, we apply its terms without resorting to other tools of statutory interpretation, unless doing so leads to impossible or absurd results. *N. Valley Emergency Specialists, L.L.C. v. Santana*, 208 Ariz. 301, 303 ¶ 9, 93 P.3d 501, 503 (2004). Noder asserts that § 44-407 broadly displaces all common-law claims for misuse of confidential information that does not fall within AUTSA's definition of "trade secret." We disagree. On its face, § 44-407 displaces only conflicting tort claims for "misappropriation" of a "trade secret," terms AUTSA specifically defines, A.R.S. § 44-401(2), (4), and leaves undisturbed claims "that are not based on misappropriation of a trade secret," *id.* § 44-407(A), (B)(2). Nothing in this language suggests that the legislature intended to displace any cause of action other than one for misappropriation of a trade secret.

¶10        In addition to giving § 44-407 a broader preemptive sweep than that statute's text supports, Noder's argument conflicts with another well-established principle. "If the legislature seeks to preempt a cause of action[,] . . . the law's text or at least the legislative record should say so explicitly." *Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 273, 872 P.2d 668, 677 (1994). Absent a clear manifestation of legislative intent to displace a

common-law cause of action, "we interpret statutes with every intendment in favor of consistency with the common law." *Pleak v. Entrada Prop. Owners' Ass'n*, 207 Ariz. 418, 422 ¶ 12, 87 P.3d 831, 835 (2004) (citation and internal quotation marks omitted). Although we do not decide here whether Arizona common law recognizes a claim for unfair competition, *see infra* ¶ 21, "we are reluctant to interpret a statute in favor of denial or preemption of tort claims—even those that are not or may not be constitutionally protected—if there is any reasonable doubt about the legislature's intent." *Hayes*, 178 Ariz. at 272, 872 P.2d at 676; *see* A.R.S. § 1-201 (adopting the common law as the rule of decision in Arizona courts except when repugnant to or inconsistent with Arizona's Constitution or laws or the Federal Constitution).

¶11 "[I]t is not the function of the courts to rewrite statutes. The choice of the appropriate wording rests with the Legislature, and the court may not substitute its judgment for that of the Legislature." *City of Phoenix v. Butler*, 110 Ariz. 160, 162, 515 P.2d 1180, 1182 (1973) (citation omitted). At the least, § 44-407's text creates reasonable doubt about the legislature's intent regarding displacement of common-law claims that do not involve trade secrets as defined in AUTSA. *See Hayes*, 178 Ariz. at 272, 872 P.2d at 676. Because that displacement provision is expressly limited to claims "providing civil remedies for misappropriation of a trade secret," A.R.S. § 44-407(A), and because Orca's unfair-competition claim, as alleged, is not limited to trade secrets, the superior court erred in dismissing that claim on preemption grounds.

## C.

¶12 Noder argues that refusing to extend § 44-407's displacement provision beyond its express terms will lead to "absurd results" because a plaintiff that demonstrates willful and malicious misappropriation of confidential information could possibly recover more punitive damages than a plaintiff that prevails on an AUTSA claim for such misappropriation of a trade secret. We are not persuaded.

¶13 That AUTSA authorizes a trial court, rather than a jury, to award exemplary damages of no more than twice the amount of actual damages, A.R.S. § 44-403(B), is not necessarily anomalous. In cases of willful and malicious misappropriation of trade secrets, punitive damages might be easier to obtain under AUTSA than under our common law, which requires clear and convincing evidence of a defendant's "evil mind" for a

punitive damages award. *See Linthicum v. Nationwide Life Ins. Co.*, 150 Ariz. 326, 332, 723 P.2d 675, 681 (1986). Unlike other statutes, § 44-403(B) does not adopt the common law or impose a heightened standard of proof for a punitive damages award. *Cf.* A.R.S. §§ 12-653.03 (permitting an award of punitive damages "subject to applicable rules of law governing such damages in this jurisdiction"), -701(B) (requiring proof "by clear and convincing evidence" for an award of punitive damages). Moreover, although punitive damages awards under the common law are not subject to any statutory limits and are generally left to the jury's discretion, Arizona courts quite often overturn or reduce excessive punitive damages awards based on constitutional limitations. *See, e.g.*, *Arellano v. Primerica Life Ins. Co.*, 235 Ariz. 371, 380 ¶ 45, 332 P.3d 597, 606 (App. 2014); *Nardelli v. Metro. Grp. Prop. & Cas. Ins. Co.*, 230 Ariz. 592, 612 ¶ 100, 277 P.3d 789, 809 (App. 2012); *Hudgins v. Sw. Airlines, Co.*, 221 Ariz. 472, 492 ¶ 65, 212 P.3d 810, 830 (App. 2009).

**¶14**        In addition, AUTSA provides protections and remedies in the trade-secret arena that are not generally available under common law. *See* A.R.S. §§ 44-402 (permitting injunctive relief for actual or threatened misappropriation), -404 (permitting award of attorney fees), -405 (preserving the secrecy of alleged trade secrets during litigation); *Cortaro Water Users' Ass'n v. Steiner*, 148 Ariz. 314, 316, 714 P.3d 807, 809 (1986) (noting the general rule that attorney fees are not recoverable unless provided for by statute or contract). In sum, limiting the scope of AUTSA's displacement provision to its express terms does not produce absurd results.

**¶15**        We also find unpersuasive Noder's argument that a literal reading of § 44-407 undermines the Uniform Act's purpose of creating a single, uniform tort action governing the misuse of allegedly confidential information. Although the Uniform Act promotes uniformity regarding the treatment of trade secrets, it says nothing about confidential information generally. Nor does the Uniform Act affect various other claims and remedies. *See* Unif. Trade Secrets Act § 7 cmt. (amended 1985), 14 U.L.A. 463 (2005) (noting that the Uniform Act "is not a comprehensive statement of civil remedies," and does not apply to duties imposed by law that are independent of the existence of a trade secret); *see also* A.R.S. § 44-407(B).

**¶16**        We acknowledge, as did the court of appeals, the split of authority on whether the Uniform Act displaces all common-law tort claims based on misappropriation of confidential information, whether or not the

information constitutes a statutorily defined trade secret. *Compare Firetrace USA, LLC v. Jesclard*, 800 F. Supp. 2d 1042, 1048 (D. Ariz. 2010) (concluding that AUTSA displaces claims based on misappropriation of confidential information that falls outside AUTSA's definition of trade secret), *BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.*, 235 P.3d 310, 327 (Haw. 2010) (same, interpreting Hawaii Uniform Trade Secrets Act), *and Mortg. Specialists, Inc. v. Davey*, 904 A.2d 652, 664 (N.H. 2006) (same, interpreting New Hampshire Uniform Trade Secrets Act), *with Stone Castle Fin., Inc. v. Friedman, Billings, Ramsey & Co.*, 191 F. Supp. 2d 652, 656–59 (E.D. Va. 2002) (holding that Virginia Uniform Trade Secrets Act displaces only those remedies based on misappropriation of a trade secret, and leaves available all other remedies for the protection of confidential information), *and Burbank Grease Servs., LLC v. Sokolowski*, 717 N.W.2d 781, 789 (Wis. 2006) (same, interpreting Wisconsin Uniform Trade Secrets Act).

¶17        We generally consider decisions from other jurisdictions when construing a statute derived from a uniform act to achieve uniformity in interpretation. *See Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co.*, 180 Ariz. 148, 154, 882 P.2d 1274, 1280 (1994). But that purpose is not served when, as here, "the quest for uniformity is a fruitless endeavor and Arizona's ruling one way or the other neither fosters nor hinders national uniformity." *Bunker's Glass Co. v. Pilkington, PLC*, 206 Ariz. 9, 15 ¶ 16, 75 P.3d 99, 105 (2003).

¶18        In addition, AUTSA does not contain the Uniform Act's directive that "[t]his [Act] shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this [Act] among states enacting it." Unif. Trade Secrets Act § 8 (amended 1985), 14 U.L.A. 656 (2005) (second and third brackets in original). Because other statutes derived from uniform acts include similar language, *see, e.g.*, A.R.S. §§ 12-1845, 12-3028, 14-10018, 14-12501, 29-1110, 36-862, 44-331, 44-1412, 47-1103, its absence from AUTSA suggests that the legislature intentionally omitted it. *See Ballesteros v. Am. Standard Ins. Co. of Wis.*, 226 Ariz. 345, 349 ¶ 15, 248 P.3d 193, 197 (2011). Even when the legislature has adopted a uniformity clause, we have not felt compelled to follow other courts' decisions. *Bunker's Glass*, 206 Ariz. at 12 ¶¶ 7–8, 75 P.3d at 102 (declining to follow federal precedent even though A.R.S. § 44-1412 provides that "in construing this article, the courts may use as a guide interpretations given by the federal courts to comparable federal antitrust statutes").

**¶19** Absent a uniformity directive in AUTSA, and given § 44-407's clear text and the split of authority on the preemptive scope of similar provisions, we do not find the conflicting views of other courts helpful.

**D.**

**¶20** We do not decide today what aspects, if any, of the confidential information alleged in Orca's unfair-competition claim might fall within AUTSA's broad definition of "trade secret" and therefore be displaced. *See Calisi v. Unified Fin. Servs., LLC,* 232 Ariz. 103, 109 ¶ 26, 302 P.3d 628, 634 (App. 2013) ("Although there may be substantial overlap between confidential information and trade secrets, they are not synonymous."); *Enter. Leasing Co.*, 197 Ariz. at 149 ¶ 14, 3 P.3d at 1069 (noting AUTSA's "rather expansive definition" of "trade secret"). That determination will not hinge on the claim's label, but rather will depend on discovery and further litigation that has not yet occurred.

**¶21** Nor do we decide whether Arizona recognizes a common-law claim for unfair competition as alleged in Orca's complaint. *Cf.* Restatement (First) of Torts §§ 757, 759 (1939) (enumerating several theories of liability, including disclosure or use of another's trade secret, and improper acquisition of information, whether or not it constitutes a trade secret, to advance a rival business interest). *Compare Fairway Constructors, Inc. v. Ahern*, 193 Ariz. 122, 124 ¶¶ 8–9, 970 P.2d 954, 956 (App. 1998) (finding plaintiff's unfair-competition claim preempted by federal copyright law, and noting that such a claim is "based on principles of equity" and "encompasses several tort theories," including "misappropriation"), *with* Restatement (Third) of Unfair Competition § 1 cmt. g (1995) (noting that the "specific forms of unfair competition [described therein] do not fully exhaust the scope of statutory or common law liability for unfair methods of competition"), *and* Restatement (Second) of Agency §§ 395, 396 (1958) (describing agent's duty not to use or disclose confidential information acquired during the course of his agency in competition with principal).

**¶22** Assuming the viability of a common-law claim for misappropriation of confidential information that falls outside AUTSA's definition of "trade secret," we hold that AUTSA does not, as a matter of law, displace Orca's unfair-competition claim. If such broad displacement was intended, the legislature was required to express that intent clearly.

## III.

**¶23** For the foregoing reasons, we reverse the superior court's dismissal of Orca's unfair-competition claim and remand the case to that court for further proceedings consistent with this opinion. Although we agree with the result reached by the court of appeals, we order ¶¶ 28–31 of its opinion depublished pursuant to Rule 111(g), Rules of the Supreme Court.