**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNIVERSAL ENGRAVING, INC., | Nos. 12-17351 & 13-15743 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01944-GMS |
| v. | |
| METAL MAGIC, INC., an Arizona corporation; CHARLES R. BROWN, an individual, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted January 14, 2015
San Francisco California

Before: O'SCANNLAIN and CLIFTON, Circuit Judges, and RAKOFF, Senior District Judge.**

Universal Engraving, Inc. ("UEI") appeals both a judgment entered against

it based on a jury verdict following trial on its claims against defendants and an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

award of attorneys' fees and costs entered by the district court following entry of that judgment. We affirm the judgment but vacate the award of fees and costs and remand that matter for further proceedings.

The district court dismissed UEI's claims, other than the claim under the Arizona Uniform Trade Secrets Act ("AUTSA"), on the ground that those claims were precluded by Ariz. Rev. Stat § 44-407. At the time of the dismissal, the court did not have the benefit of the subsequent decision of the Arizona Supreme Court in *Orca Communications Unlimited, LLC v. Norder*, 337 P.3d 545, 547-49 (Ariz. 2014) (holding that Ariz. Rev. Stat. § 44-407 applies to preclude claims based on trade secrets only and not a claim based on confidential information that does not rise to the level of a trade secret). As this is a matter of Arizona law, the *Orca* decision is binding and applies to this case.

Nonetheless, it does not appear to us that the dismissal of the other claims was erroneous or prejudicial to UEI. The district court gave UEI an opportunity to make an offer of proof that its other tort claims were based on something other than misappropriation. UEI acknowledged that its claims for damages, however the cause of action was characterized, were all the same. *Orca* held that the statute did not displace "any cause of action other than one for misappropriation of trade

secret." *Id*. at 547. That decision indicated, however, that a claim that was encompassed by a claim for misappropriation of trade secrets would still be displaced even if it could be given a different label. Specifically, the *Orca* court noted that it did not "decide today what aspects, if any, of the confidential information alleged in Orca's unfair-competition claim might fall within AUTSA's broad definition of 'trade secret' and therefore be displaced." *Id*. at 549. The inference to be drawn from that comment is that a claim for misappropriation of confidential information, though a separate tort cause of action, would be displaced to the extent that it fell within the trade secrets claims.

In general, even if there was error, we will not reverse the district court's decision if the error was harmless. Fed. R. Civ. P. 61. Ultimately, all of the other claims presented by UEI appeared to fall within its claim for misappropriation of trade secrets. Although UEI alleged that defendants committed various other torts, UEI acknowledged that it suffered no separate injury and had no separate claim for damages. The record did not suggest anything to the contrary. Indeed, the district court itself, in a discussion with UEI's counsel, recognized that the other claims were merely repackaged misappropriation of trade secrets claims. It also appears that the jury concluded that UEI had not proven that it was injured or suffered damages, and that finding would preclude UEI's other claims as well.

3

The district court did not err in declining to hold defendants bound to the results of the Kansas proceeding. Contrary to UEI's argument, in denying UEI's motion for summary judgment, the district court did not hold as a matter of law that the defendants in this case were not in privity with the defendant in the Kansas case. Instead, it found that there was a genuine issue of fact on that issue. UEI dropped the issue thereafter, advising the court that it would not argue that defendants were collaterally estopped by the Kansas judgment. Having failed to develop the necessary facts when afforded the opportunity, there is nothing for UEI to appeal. The district court was not wrong, in any event, in concluding that there was a genuine issue of fact that precluded summary judgment.

The district court did not err in denying a second amendment to the Rule 16 scheduling order. The proposed amendment required good cause, an inquiry which focuses on "the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). The district court did not abuse its discretion when it concluded that UEI failed to show diligence and that both parties were responsible for discovery failures.

The district court did not err in preventing Mr. Hutchinson from testifying on matters outside his personal knowledge. A lay witness may only offer opinion

4

testimony if it is based on personal knowledge. Fed. R. Evid. 701. While the owner of intangible property may testify as to the value of the property without qualification as an expert, any additional opinions not based on personal knowledge require expert qualification. *Universal Pictures Co. v. Harold Lloyd Corp.*, 162 F.2d 354, 357 (9th Cir. 1947); *Droeger v. Welsh Sporting Goods Corp.*, 541 F.2d 790, 793 (9th Cir. 1976); Fed. R. Evid. 702. Mr. Hutchinson's testimony as to what he thought Metal Magic would have saved was not based on personal knowledge. The district court did not abuse its discretion here, as Mr. Hutchinson was not offered to testify as an expert.

As for the award of attorneys' fees and costs, we vacate the award and remand for further proceedings. The district court provided no explanation for either the basis of the award or its calculation. The AUTSA allows an award of such fees if there is bad faith in filing a claim, Ariz. Rev. Stat. § 44-404, and defendants argue that there was bad faith here. The district court did not articulate such a finding, however, or explain the basis for it, so the existing award cannot be sustained. *See Optyl Eyeware Fashion Intn'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1051 (9th Cir. 1985). We vacate the award of fees and costs and remand for

further proceedings, including an explanation of the basis for any award and its calculation.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

*Universal Engraving, Inc. v. Metal Magic, Inc.*, Nos. 12-17351, 13-15743

O'SCANNLAIN, Circuit Judge, concurring in part and dissenting in part:

I agree with the Court on all issues except its treatment of the post-judgment

*Orca* decision of the Arizona Supreme Court interpreting Ariz. Rev. Stat. § 44-407.

*See Orca Commc'ns Unlimited, LLC v. Noder*, 337 P.3d 545 (Ariz. 2014). In

concluding that Universal Engraving, Inc.'s ("UEI") common law claims were

preempted by the Arizona Uniform Trade Secrets Act ("AUTSA"), the district

court explicitly relied upon an interpretation of the statute's preemption provision

that was expressly, albeit subsequently, disavowed in *Orca*. I respectfully dissent

from the Court's disposition to that extent.

I

The *Orca* court held that AUTSA displaces only claims for the

misappropriation of trade secrets, such that other common-law claims—including

torts based on the misappropriation of confidential information falling outside

AUTSA's definition of a trade secret—remain viable. *See id.* at 548, 550. As UEI

repeatedly alleged claims based on the misappropriation of confidential

information in addition to its trade secrets claims, I am persuaded the district court

erred in preventing UEI from proceeding to trial on such claims. *See id*. at 548

("[B]ecause [Plaintiff's] unfair-competition claim, *as alleged, is not limited to*

*trade secrets*, the superior court erred in dismissing that claim on preemption

grounds." (emphasis added)).  In fairness, the district judge could not have applied *Orca* since it came down after judgment here, but, as the majority notes, *Orca* is nevertheless binding and applies to this case and this appeal.  *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 886–87 (9th Cir. 2000).

## II

Furthermore, I cannot conclude that the district court's error was harmless based on a single juror's question whether the jury had to conclude "that UEI suffered damages in order to vote that trade secrets were misappropriated." I respectfully suggest that we cannot base our decision on an inference drawn from such a question to the court.  *Cf. Floyd v. Laws*, 929 F.2d 1390, 1397 (9th Cir. 1991) (explaining that courts should defer only to "legitimate or viable findings of fact").  Furthermore, even if the juror's question established that the jury did not believe misappropriation of *trade secrets* resulted in damages, it certainly does not establish that the jury found that UEI suffered no damages whatsoever.  The jury might have found that some of the information, though confidential, was not a trade secret, and thus could not consider whether misappropriation of such information resulted in damages to UEI.

2

III

Because UEI was required to elect between its common-law and AUTSA claims based on an erroneous interpretation of Ariz. Rev. Stat. § 44-407, I would vacate both the judgment entered against UEI and the district court's order denying UEI's motion for a new trial. Since we are already remanding with respect to attorneys' fees, I would invite the district court to reconsider the new trial motion in light of *Orca* in the first instance. *See Kona Enterprises*, 229 F.3d at 886–87.