MEMORANDUM **
Universal Engraving, Inc. (“UEI”) appeals both a judgment entered against it based on a jury verdict following trial on its claims against defendants and an award of attorneys’ fees and costs entered by the district court following entry of that judgment. We affirm the judgment but vacate the award of fees and costs and remand that matter for further proceedings.
The district court dismissed UEI’s claims, other than the claim under the Arizona Uniform Trade Secrets Act (“AUTSA”), on the ground that those claims were precluded by Ariz. Rev. Stat. § 44-407. At the time of the dismissal, the court did not have the benefit of the subsequent decision of the Arizona Supreme Court in Orca Communications Unlimited, LLC v. Noder, 236 Ariz. 180, 337 P.3d 545, 547-49 (2014) (holding that Ariz.Rev.Stat. § 44-407 applies to preclude claims based on trade secrets only and not a claim based on confidential information that does not rise to the level of a trade secret). As this is a matter of Arizona law, the Orea decision is binding and applies to this case.
Nonetheless, it does not appear to us that the dismissal of the other claims was erroneous or prejudicial to UEI. The district court gave UEI an opportunity to make an offer of proof that its other tort claims were based on something other than misappropriation. UEI acknowledged that its claims for damages, however the cause of action was characterized, were all the same. Orea held that the statute did not displace “any cause of action other than one for misappropriation of trade secret.” Id. at 547. That decision indicated, however, that a claim that was encompassed by a claim for misappropriation of trade secrets would still be displaced even if it could be given a different label. Specifically, the Orea court noted that it did not “decide today what aspects, if any, of the confidential information alleged in Orca’s unfair-competition claim might fall within AUTSA’s broad definition of ‘trade secret’ and therefore be displaced.” Id. at 549. The inference to be drawn from that comment is that a claim for misappropriation of confidential information, though a separate tort cause of action, would be displaced to the extent that it fell within the trade secrets claims.
In general, even if there was error, we will not reverse the district court’s decision if the error was harmless. Fed. R.Civ.P. 61. ■ Ultimately, all of the other claims presented by UEI appeared to fall within its claim for misappropriation of trade secrets. Although UEI alleged that defendants committed various other torts, UEI acknowledged that it suffered no separate injury and had no separate claim for *370 damages. The record did not suggest anything to the contrary. Indeed, the district court itself, in. a discussion with UEI’s counsel, recognized that the other claims were merely repackaged misappropriation of trade secrets claims. It also appears that the jury concluded that UEI had not proven that it was injured or suffered damages, and that finding would preclude UEI’s other claims as well.
The district court did not err in declining to hold defendants bound to the results of the Kansas proceeding. Contrary to UEI’s argument, in denying UEI’s motion for summary judgment, the district court did not hold as a matter of law that the defendants in this case were not in privity with the defendant in the Kansas case. Instead, it found that there was a genuine issue of fact on that issue. UEI dropped the issue thereafter, advising the court that it would not argue that defendants were collaterally estopped by the Kansas judgment. Having failed to develop the necessary facts when afforded the opportunity, there is nothing for UEI to appeal. The district court was not wrong, in any event, in concluding that there was a genuine issue of fact that precluded summary judgment.
The district court did not err in denying a second amendment to the Rule 16 scheduling order. The proposed amendment required good cause, an inquiry which focuses on “the diligence of the party seeking the amendment.” Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir.1992). The district court did not abuse its discretion when it concluded that UEI failed to show diligence and that both parties were responsible for discovery failures.
The district court did not err in preventing Mr. Hutchinson from testifying on matters outside his personal knowledge. A lay witness may only offer opinion testimony if it is based on personal knowledge. Fed.R.Evid. 701. While the owner of intangible property may testify as to the value of the property -without qualification as an expert, any additional opinions not based on personal knowledge require expert qualification. Universal Pictures Co. v. Harold Lloyd Corp., 162 F.2d 354, 357 (9th Cir.1947); Droeger v. Welsh Sporting Goods Corp., 541 F.2d 790, 793 (9th Cir.1976); Fed.R.Evid. 702. Mr. Hutchinson’s testimony as to what he thought Metal Magic would have saved was not based, on personal knowledge. The district court did not abuse its discretion here, as Mr. Hutchinson was not offered to testify as an expert.
As for the award of attorneys’ fees and costs, we vacate the award and remand for further proceedings. The district court provided no explanation for either the basis of the award or its calculation. The AUTSA allows an award of such fees if there is bad faith in filing a claim, Ariz.Rev.Stat. § 44—404, and defendants argue that there was bad faith here. The district court did not articulate such a finding, however, or explain the basis for it, so the existing award cannot be sustained. See Optyl Eyewear Fashion Intn’l Corp. v. Style Cos., Ltd., 760 F.2d 1045, 1051 (9th Cir.1985). We vacate the award of fees and costs and remand for further proceedings, including an explanation of the basis for any award and its calculation.
Each party shall bear its own costs on appeal.
AFFIRMED IN PART; VACATED AND REMANDED IN PART,

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.