O’SCANNLAIN, Circuit Judge,
concurring in part and dissenting in part:
I agree with the Court on all issues except its treatment of the post-judgment *371 Orca decision of the Arizona Supreme Court interpreting Ariz.Rev.Stat. § 44-407. See Orca Commc’ns Unlimited, LLC v. Noder, 236 Ariz. 180, 337 P.3d 545 (2014). In concluding that Universal Engraving, Inc.’s (“UEI”) common law claims were preempted by the Arizona Uniform Trade Secrets Act (“AUTSA”), the district court explicitly relied upon an interpretation of the statute’s preemption provision that was expressly, albeit subsequently, disavowed in Orea. I respectfully dissent from the Court’s disposition to that extent.
I
The Orea court held that AUTSA displaces only claims for the misappropriation of trade secrets, such that other common-law claims — including torts based on the misappropriation of confidential information falling outside AUTSA’s definition of a trade secret — remain viable. See id. at 548, 550. As UEI repeatedly alleged claims based on the misappropriation of confidential information in addition to its trade secrets claims, I am persuaded the district court erred in preventing UEI from proceeding to trial on such claims. See id. at 548 (“[Bjecause [Plaintiffs] unfair-competition claim, as alleged, is not limited to trade secrets, the superior court erred in dismissing that claim on preemption grounds.” (emphasis added)). In fairness, the district judge could not have applied Orea since it came down after judgment here, but, as the majority notes, Orea is nevertheless binding and applies to this case and this appeal. See Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 886-87 (9th Cir.2000).
II
Furthermore, I cannot conclude that the district court’s error was harmless based on a single juror’s question whether the jury had to conclude “that UEI suffered damages in order to vote that trade secrets were misappropriated.” I respectfully suggest that we cannot base our decision on an inference drawn from such a question to the court. Cf. Floyd v. Laws, 929 F.2d 1390, 1397 (9th Cir.1991) (explaining that courts should defer only to “legitimate or viable findings of fact”). Furthermore, even if the juror’s question established that the jury did not believe misappropriation of trade secrets resulted in damages, it certainly does not establish that the jury found that UEI suffered no damages whatsoever. The jury might have found that some of the information, though confidential, was not a trade secret, and thus could not consider whether misappropriation of such information resulted in damages to UEI.
Ill
Because UEI was required to elect between its common-law and AUTSA claims based on an erroneous interpretation of Ariz.Rev.Stat. § 44-407, I would vacate both the judgment entered against UEI and the district court’s order denying UEI’s motion for a new trial. Since we are already remanding with respect- to attorneys’ fees, I would invite the district court to reconsider the new trial motion in light of Orea in the first instance. See Kona Enterprises, 229 F.3d at 886-87.