NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JAMES MINOTTO, an individual, *Plaintiff/Appellant*,

*v.*

CHARLES VAN COTT, an individual, and JANE DOE MINOTTO,
husband and wife; STEVENS & VAN COTT, PLLC, an Arizona
professional limited liability company, *Defendants/Appellees*.

No. 1 CA-CV 15-0159
FILED 5-26-2016

Appeal from the Superior Court in Maricopa County
No. CV2014-052152
The Honorable John R. Hannah, Jr., Judge

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

COUNSEL

Gillespie, Shields, Durrant & Goldfarb, Phoenix
By DeeAn Gillespie Strub
*Counsel for Plaintiff/Appellant*

Manning & Kass, Ellrod, Ramirez, Trester, LLP, Scottsdale
By Anthony S. Vitagliano, Robert B. Zelms,
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge John C. Gemmill delivered the decision of the Court, in which Chief Judge Michael J. Brown and Judge Maurice Portley joined.

---

**GEMMILL**, Judge:

¶1         James Minotto ("Father") appeals the superior court's judgment dismissing his claims against Charles Van Cott, Jane Doe Van Cott,[1] and Stevens & Van Cott, PLLC (collectively "Van Cott"). For the following reasons, we affirm in part, vacate in part, and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2         Van Cott represented Father's former spouse ("Mother") during divorce proceedings between the parties. In the course of the divorce proceedings, Father sought modification of the custody and parenting time orders regarding the couple's minor children, and the court scheduled an evidentiary hearing.

¶3         The day before the hearing, Mother sent an email to Van Cott. In the email's "RE:" line, Mother prefaced the email with the title "dramatic letter LOL" (the "LOL Email"). Attached to the LOL Email was a letter from the girlfriend of Mother's adult son, in which the girlfriend accused Father of improper sexual conduct with children, including sexually abusing the adult son during his childhood.

¶4         Based on these allegations, Van Cott filed, on Mother's behalf, a motion to continue the evidentiary hearing and requesting a limited scope custody evaluation.[2] The superior court granted the motion, continued the evidentiary hearing, and appointed a physician to conduct a custody evaluation.

---

[1] The superior court caption mistakenly named Charles Van Cott's spouse as "Jane Doe Minotto."

[2] Arizona law requires the superior court to determine parenting time in the best interests of the child, which includes considering whether there has been child abuse. A.R.S. § 25-403(A)(8).

¶5        After the evaluation, polygraph testing of Father, and an eventual trial, the superior court determined that Mother knew the allegation of sexual abuse against Father was unequivocally untrue. In its ruling, the court explained that Mother was "all too happy to perpetrate a fraud on this Court."

¶6        Based on the litigation resulting from the LOL Email, Father filed a civil lawsuit against Mother, Van Cott, and others. In his complaint, Father alleged the following as the basis of his claims against Van Cott:

> ¶ 25.   Mother's flippant description of her own allegation of sexual abuse against one of her children — conveniently made on the day before an evidentiary hearing on Father's petition — should have alerted Defendant Van Cott that the allegation was bogus. Nonetheless, to deprive Father of his day in court – for which he had already waited nearly a year – Defendant Van Cott filed, on Mother's behalf — a Motion [to] Continue & For Limited Scope Custody Evaluation based upon these false allegations.
>
> . . .
>
> ¶ 32.   Moreover, during this period, Defendant Van Cott engaged in numerous ex parte contacts with, Dr. Pecaut, the counselor of the minor children at issue in the Family Court Matter, in an apparent attempt to sway the counselor in a manner favorable to Mother.

Van Cott moved to dismiss Father's complaint for failure to state a claim pursuant to Arizona Rule of Civil Procedure ("Rule") 12(b)(6). The superior court granted the motion and dismissed with prejudice all claims against Van Cott.

¶7        Father timely appeals. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

¶8        Father argues the superior court erred by dismissing his complaint against Van Cott for failure to state a claim. We review de novo the dismissal of claims pursuant to Rule 12(b)(6). *Orca Communications Unlimited, LLC v. Noder*, 236 Ariz. 180, 181, ¶ 6 (2014); *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). We will uphold a court's dismissal for failure to state a claim only if, as a matter of law, the plaintiff "would not be entitled

3

to relief under any interpretation of the facts susceptible of proof." *Fid. Sec. Life Ins. Co. v. State Dep't of Ins.,* 191 Ariz. 222, 224, ¶ 4 (1998); *Orca*, 236 Ariz. at 181, ¶ 6.

**¶9** When assessing the sufficiency of a complaint, Arizona courts follow a notice-pleading standard. *Coleman*, 230 Ariz. at 356, ¶ 9. We will "assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts." *Id.*; *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008). We do not, however, "speculate about hypothetical facts that might entitle the plaintiff to relief." *Cullen*, 218 Ariz. at 420, ¶ 14.

**¶10** Father alleges four claims against Van Cott: abuse of process, wrongful use of civil proceedings,[3] intentional infliction of emotional distress, and aiding and abetting tortious conduct. We address the superior court's dismissal of each claim in turn.

### A. Abuse of Process

**¶11** A claim for abuse of process requires a defendant (1) undertake "a willful act in the use of judicial process," (2) with "an ulterior purpose not proper in the regular conduct of the proceedings," and (3) the plaintiff suffers harm as a result. *Nienstedt v. Wetzel*, 133 Ariz. 348, 353 (App. 1982); *see also Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, 264, ¶ 40 (App. 2004). Abuse of process "encompasses the entire range of procedures incident to the litigation process," including filing motions for continuances. *Nienstedt*, 133 Ariz. at 352–53.

**¶12** Father argues that Mother's "flippant description" of the sexual abuse allegations should have been sufficient to alert Van Cott that the accusations were false. Father therefore asserts Van Cott's filing a motion to continue based on those allegations was motivated by a desire to "deprive Father of his day in court." Father also asserts Van Cott engaged in ex parte contact with the minor children's counselor in order to sway the counselor in favor of Mother.

**¶13** An abuse of process claim is appropriate when a party misuses the legal process "for an end other than that which it was designed to accomplish." *Nienstedt,* 133 Ariz. at 353. But there is no liability for a party who, "even though with bad intentions," utilizes legal process in a

---

[3] The parties refer to this tort as "wrongful institution or continuation of civil proceedings." In this decision we choose the title "wrongful use of civil proceedings." *See* Restatement (Second) of Torts § 674 (1977).

manner consistent with legitimate goals of litigation. *Id.; see also Crackel*, 208 Ariz. at 259, ¶ 19. A party is liable for abuse of process only when the procedure becomes "so lacking in justification as to lose its legitimate function as a reasonably justifiable litigation procedure." *See Nienstedt*, 133 Ariz. at 354.

¶14 We agree that filing a motion to continue is a willful act in the use of judicial process. *See id.* at 352–53. But even if we assume the motion to continue caused Father harm through delay in trial and additional expenses, a defendant's knowledge and awareness that the use of the judicial process will "necessarily subject the opposing party to additional legal expenses" is insufficient to show ulterior motive. *Id.* at 354. The crux of the abuse of process tort is that the ulterior purpose is the *primary* motivation for the use of the judicial process. *Crackel*, 208 Ariz. at 259, ¶ 18. Van Cott's motion to continue can "logically be explained without reference to the defendant's improper motives." *Id.* We therefore agree with the superior court's determination that Father did not sufficiently allege Van Cott abused legal process for the primary purpose of depriving Father of his rights.

¶15 Further, Father's allegation regarding ex parte contact with the counselor did not satisfy the "willful act" prong of an abuse of process claim. *See Nienstedt*, 133 Ariz. at 353. It is entirely unclear from the face of the complaint what role the counselor played in the judicial process and what limitations, if any, there were on ex parte contact with the counselor. In the absence of more definite allegations, contacting a counselor ex parte is not a procedure incident to the litigation process such that an abuse of process claim would arise therefrom, even if Van Cott's ulterior purpose was to sway the counselor in Mother's favor. Moreover, Father has shown no specific harm resulting from this alleged conduct. *See id.* Father did not allege the superior court ruled against him on parenting time in the dissolution proceedings because Mother's ex parte contact influenced the counselor's input. Thus, we discern no error in the superior court's dismissal of Father's abuse of process claim.

### B.    Wrongful Use of Civil Proceedings

¶16 The elements of a wrongful use of civil proceedings claim are that the defendant (1) instituted or continued a civil action which was (2) motivated by malice, (3) maintained without probable cause, (4) resolved in plaintiff's favor, and (5) damaged plaintiff. *Bradshaw v. State Farm Mut. Auto. Ins. Co.*, 157 Ariz. 411, 416–17 (1988); *Wolfinger v. Cheche*, 206 Ariz. 504, 508–09, ¶ 23 (App. 2003).

¶17            Unlike abuse of process, a wrongful use claim encompasses not only the initiation of legal proceedings, but also the continuation thereof. *See* Restatement (Second) of Torts § 674 (1977). Father's complaint alleges Van Cott continued to pursue a course of legal action based on the LOL Email, even after it became clear that Mother's allegations were baseless. Because it points to the continuation of legal proceedings based on Mother's email, the complaint contains sufficient factual allegations to support a claim that Van Cott lacked probable cause to continue the action against Father. *See Wolfinger*, 206 Ariz. at 508–09, ¶ 23. Accordingly, it sufficiently pleads a claim for wrongful use. The superior court erred by dismissing Father's claims against Van Cott.

## C.    Aiding and Abetting Tortious Conduct

¶18            Arizona recognizes the tort of aiding and abetting tortious conduct as set forth in Restatement (Second) of Torts § 876(b) (1979). *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 485, ¶ 31 (2002); *Gomez v. Hensley*, 145 Ariz. 176, 178 (App. 1984). The Restatement provides that a party may be liable for "harm resulting to a third person from the tortious conduct of another" if the third party "knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself." Restatement (Second) of Torts § 876(b) (1979). Aiding and abetting therefore requires proof of scienter: "the defendants must *know* that the conduct they are aiding and abetting is a tort." *Wells Fargo*, 201 Ariz. at 485, ¶ 33 (quoting *Witzman v. Lehrman, Lehrman & Flom*, 601 N.W.2d 179, 186 (Minn. 1999)). Although this court may infer knowledge from the circumstances alleged, "an inference of knowledge will not be made lightly." *See Federico v. Maric*, 224 Ariz. 34, 36, ¶ 9 (App. 2010).

¶19            In the complaint, Father did not affirmatively plead that Van Cott *knew* Mother's allegations were false, but only that Father *should have known* Mother's email was "bogus." On appeal, Father continues to argue only that Van Cott should have known that Mother's email regarding Father's alleged behavior was false. Accordingly, we agree with the superior court that Father has not alleged a level of knowledge sufficient to satisfy the elements of aiding and abetting tortious conduct. We discern no error in the superior court's dismissal of Father's claim.

### D.     Intentional Infliction of Emotional Distress

**¶20**      The elements of a claim for intentional infliction of emotional distress are (1) the defendant's conduct must be "'extreme' and 'outrageous,'" (2) the defendant must have either intended "to cause emotional distress or [have] recklessly disregard[ed] the near certainty that such distress [would] result from his conduct," and (3) "severe emotional distress must indeed occur as a result of defendant's conduct." *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43 (1987).

**¶21**      The superior court determines whether the pleaded acts are "sufficiently outrageous to state a claim for relief." *Johnson v. McDonald*, 197 Ariz. 155, 160, ¶ 23 (App. 1999).  Recovery for this claim requires that the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* (quoting *Cluff v. Farmers Ins. Exchange*, 10 Ariz. App. 560, 562 (1969)).

**¶22**      Father claims the sexual abuse allegation was objectively false and thus Van Cott's conduct in filing the motion to continue based on the false allegations was outrageous.  But we agree with Van Cott that in order for Father's conduct here to be classified as extreme or outrageous, Father must have had actual knowledge that Mother's email was false.  And as explained above, the complaint's allegations do not give rise to allegations of actual knowledge. *See supra* ¶ 19.  Father similarly failed to allege facts supporting a conclusion that any ex parte contact with the counselor was extreme and outrageous.  Thus, we discern no error in the superior court dismissing Father's intentional infliction of emotional distress claim against Van Cott.

## II.     Leave to Amend Complaint

**¶23**      Father also argues, for the first time on appeal, that the superior court erred by not sua sponte granting leave to amend the complaint pursuant to Arizona Rule of Civil Procedure 15(a).  Father argues that the 2007 amendments to Rule 15(a) were intended to bring the rule in conformity with the local federal rule.  Accordingly, he asks that we interpret Rule 15(a) to mean – as the Ninth Circuit Court of Appeals has held – that a court abuses its discretion when it dismisses a complaint under Rule 12(b)(6) without automatically granting leave to amend.

**¶24**      Generally, we "do not consider arguments . . . raised for the first time on appeal." *K.B. v. State Farm Fire and Cas. Co.*, 189 Ariz. 263, 268 (App. 1997).  But even if we were to consider Father's arguments, we

decline to read Rule 15(a) as requiring a superior court to sua sponte grant leave to amend. Although the rule requires that "[l]eave to amend shall be freely given when justice requires," nothing in the rule gives a party an automatic right to amend a pleading. To the contrary, long-standing Arizona case law explains the right to amend a pleading is *not* automatic. *See Matter of Torstenson's Estate*, 125 Ariz. 373, 376 (App. 1980); *Blumenthal v. Teets*, 155 Ariz. 123, 131 (App. 1987) (finding it was not error for a trial court to fail to allow the plaintiff leave to amend the complaint when the plaintiff made no motion for leave to amend). Father did not move for leave to amend his complaint, and the superior court did not err by not sua sponte granting Father leave to amend.

## CONCLUSION

**¶25** We affirm the court's dismissal of Father's claims for abuse of process, intentional infliction of emotional distress, and aiding and abetting tortious conduct. We vacate the superior court's dismissal of Father's claim for wrongful use of civil proceedings and remand for further proceedings.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama