IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PAOLA CANAS, et al., *Plaintiffs/Appellants*,

*v.*

BAY ENTERTAINMENT, LLC, et al., *Defendants/Appellees*.

No. 1 CA-CV 20-0127
FILED 8-26-2021

Appeal from the Superior Court in Maricopa County
No.  CV2018-052190, CV2020-002264
CONSOLIDATED
The Honorable Lisa Daniel Flores, Judge *Retired*

## REVERSED AND REMANDED

COUNSEL

Wilkins Law Firm, PLLC, Phoenix
By Amy M. Hoffman, Laura C. Brosh

The Casas Law Firm, PC, New York, NY
By John Golaszewski
*Co-Counsel for Plaintiffs/Appellants*

Ryley Carlock & Applewhite, Phoenix
By James O. Ehinger, Jason L. Cassidy
*Counsel for Defendants/Appellees*

---

**OPINION**

Judge Peter B. Swann delivered the opinion of the court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

---

**S W A N N**, Judge:

¶1        Paola Canas, Ursula Mayes, C.J. Gibson, Eva Pepaj, Krystal Hipwell, Irina Voronina, Jessica Hinton, Joana Krupa, Sara Underwood, and Tiffany Selby (collectively, "Appellants") appeal the superior court's order dismissing their common law tort claims for right of publicity and false light based on advertisements run by Bay Entertainment, LLC. Appellants argue that Arizona recognizes a common law cause of action for violation of the right of publicity and the superior court erred by dismissing their false light claim. We agree that Appellants' complaints state claims for invasion of privacy. We also agree that Appellants' false light claim cannot be resolved on a motion for judgment on the pleadings. We therefore reverse and remand.

**FACTS AND PROCEDURAL HISTORY**

¶2        Appellants are professional models and social media personalities. They work as actresses, models, and influencers, and each has between 12,000 and 14.2 million social media followers. Appellants have been featured in magazines such as *Playboy*, *Maxim*, and *Muscle & Fitness*, have appeared on television shows such as *Deal or No Deal*, *Big Brother*, *The Tonight Show with Jay Leno*, and *Baywatch*, and represent brands such as Palms Hotel & Casino, SKYY Vodka, St. Pauli Beer, Oil of Olay, Fruit of the Loom, Bowflex, Patron Tequila, Coca Cola, DNA Clothing, Formula Drift, and Svedka Vodka, among others.

¶3        Bay Entertainment owns Denim & Diamonds, a country-western-themed nightclub and dance bar. Bay Entertainment maintains public Twitter, Facebook, and Instagram pages that it uses to promote and advertise Denim & Diamonds to its 20,000 followers.

¶4        Appellants allege that beginning in April 2015 and continuing for a period of two and half years, Bay Entertainment pirated photos of them taken during unrelated professional photo shoots. Each of the photos featured one or more of the Appellants wearing a costume, bikini, or dress.

Bay Entertainment edited the photos to include slogans and advertisements like "St. Patrick's Day Bash!  $200 pot of gold . . . 50c drinks 8-11pm, $2 green jello shots, $2 Irish whiskey shots" or "Win a PAIR of BOOTS IN OUR Little Black Dress CONTEST!  Ladies Night Wednesday, Ladies in free all night! 50¢ drinks 'til midnight."  Appellants allege that Denim & Diamonds used their photos in 256 separate Facebook, Instagram, and Twitter advertisements.  It is undisputed that Appellants neither consented to the use of their photos, nor were they paid for their use.

¶5          Appellants filed suit in April 2018, alleging Bay Entertainment's use of their photos for commercial purposes without consent violated their right of publicity, constituted the tort of false light, and violated the Lanham Act.  The court consolidated an identical case with this case.  In that case, four models alleged the same privacy tort claims against Tucson Venture One, LLC, operator of Denim & Diamonds in Tucson.

¶6          In August 2019, Bay Entertainment moved for judgment on the pleadings on two of Appellants' claims: common law right of publicity/misappropriation of likeness, and false light.  Bay Entertainment argued that (1) in Arizona, only soldiers have a cause of action for the right of publicity, (2) federal copyright laws preempt Appellants' right of publicity claims, and (3) no reasonable person in Arizona would consider association with a cowboy bar to be "highly offensive."  The superior court granted Bay Entertainment's motion, holding that Arizona does not recognize a general right of publicity, and in any event, such a claim is barred by the federal Copyright Act; and Appellants failed to state a claim for false light because Denim & Diamond's use of the images would not be offensive to a reasonable person.

¶7          The superior court entered a final judgment under Ariz. R. Civ. P. 54(b) on Appellants' claims of common law right of publicity and false light.  This appeal followed.

## DISCUSSION

¶8          Appellants challenge the superior court's dismissal of their right of publicity claim and their false light claim, asserting that Arizona recognizes a common law right of publicity, federal copyright law does not preempt their claim, and their complaint stated a valid claim for false light. "In reviewing a judgment on the pleadings, we treat the allegations of the complaint as true," but we review conclusions of law de novo. *Giles v. Hill Lewis Marce*, 195 Ariz. 358, 359, ¶ 2 (App. 1999); *Cave Creek Unified Sch. Dist.*

*v. Ducey*, 231 Ariz. 342, 347, ¶ 8 (App. 2013). The superior court may grant a defendant's motion for judgment on the pleadings if the complaint fails to state a claim for relief. *Id.*

I.   ARIZONA RECOGNIZES THE COMMON LAW RIGHT OF PUBLICITY, AND FEDERAL LAW DOES NOT PREEMPT ENFORCEMENT OF THAT RIGHT UNDER STATE LAW.

**¶9**          The superior court determined that Arizona statutes protect only the publicity right of soldiers, not civilians, and even if Arizona recognized a right of publicity for civilians, it is preempted by federal law. Appellants assert that civilians' right of publicity originates in common law and was recognized by this court in *In re Estate of Reynolds*, 235 Ariz. 80, 83, ¶ 12 (App. 2014). They also argue that the Federal Copyright Act does not preempt their claim because Bay Entertainment misappropriated their identities, not just their photographs.

**¶10**          Under A.R.S. § 12-761, "[t]he right to control and to choose whether and how to use a soldier's name, portrait or picture for commercial purposes is recognized as each soldier's right of publicity." A.R.S. § 12-761(A). The statute prohibits using the soldier's "name, portrait, or picture" for advertising, soliciting business, or "[r]eceiving consideration for the sale of any goods, wares or merchandise." *Id.* at (B). The legislature passed this statute and a related criminal statute in May 2007. 2007 Ariz. Sess. Laws, ch. 227, §§ 1–2 (1st Reg. Sess.).

**¶11**          Bay Entertainment argues that the "thoroughness and complexity" of this statutory scheme supports its position that the legislature withheld the right of publicity from the general public when it granted it only to military personnel. But nothing in A.R.S. § 12-761 indicates the legislature intended to abrogate civilians' long-held common law right of publicity.

**¶12**          When interpreting statutes, we presume that they do not eliminate common law causes of action in the absence of express language to that effect. *Orca Commc'ns Unlimited, LLC v. Noder*, 236 Ariz. 180, 182, ¶ 10 (2014). "If the legislature seeks to preempt a cause of action[,] . . . the law's text or at least the legislative record should say so explicitly." *Id.* (citation omitted) (alteration in original). Without clear manifestation of legislative intent to eliminate a common law cause of action, "we interpret statutes with 'every intendment in favor of consistency with the common law.'" *Pleak v. Entrada Prop. Owners' Ass'n*, 207 Ariz. 418, 422, ¶ 12 (2004) (citation omitted).

¶13        Nothing in the language of the statute suggests that the basic presumption of conformity over abrogation should be disregarded here. The statute itself states: "The rights and remedies provided in this section *supplement* any other rights and remedies provided by law, including the common law right of privacy." A.R.S. § 12-761(E) (emphasis added). The right of publicity is a species of the common law right of privacy, and Arizona cases have expressly recognized a cause of action for common law right of publicity. *See In re Estate of Reynolds*, 235 Ariz. at 82–83, ¶¶ 7–9, 12 (adopting Restatement (Third) of Unfair Competition § 46 cmt. a (1995)). We therefore conclude that A.R.S. § 12-761 supplements, but does not supplant, the common law protection against non-consensual publicity and the complementary right of publicity.

¶14        The superior court held that the *Reynolds* court's statements regarding the right of publicity were merely dicta, and that Arizona courts should not follow the Restatement when doing so would create a new cause of action. Bay Entertainment argues this point by guiding us to the appellee's answering brief in *Reynolds*—and the *Reynolds* appellee's own statement of the issues before the court—and concludes the *Reynolds* court's "comments regarding the right of publicity . . . are truly dicta because they were not necessary to adjudication of the issue then before the court." This argument is unpersuasive and incorrect.

¶15        "'Obiter dictum' . . . is '[a] judicial comment made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (although it may be considered persuasive).'" *Phelps Dodge Corp. v. Ariz. Dep't of Water Res.*, 211 Ariz. 146, 152, ¶ 22 n.9 (App. 2005) (quoting Black's Law Dictionary 1100 (2d Pocket Ed. 2001)). In *Reynolds*, we considered whether the estate of a deceased mother had a common law right of publicity claim against a daughter who published online articles and a blog post about the mother as she aged and after she died. 235 Ariz. at 81, ¶¶ 3–5. Though we decided that the online publications did "not give rise to a claim for a violation of [the mother's] right of publicity," we necessarily first decided that "a right of publicity exists under Arizona law." *Id.* at ¶ 2. Accordingly, the statement "[w]e hold that a right of publicity exists under Arizona law," *id.*, was *not* dicta.

¶16        Moreover, this case does not present the novel question, as Bay Entertainment suggests, of whether Arizona should adopt a cause of action by civilians for violation of the right to publicity. The Arizona Supreme Court recognized a cause of action for invasion of privacy (based on a personal injury) more than 75 years ago in *Reed v. Real Detective Publ'g*

*Co.*, 63 Ariz. 294, 304–05 (1945) ("[I]ndependently of the common rights of property, contract, reputation, and physical integrity, there is a legal right called the right of privacy, the invasion of which gives rise to a cause of action.' We . . . adopt the doctrine here.") (quoting R.T. Kimbrough, *Right of Privacy*, 138 A.L.R. 28 (1945)). *Reynolds*, then, extended that holding to a commercial injury. 235 Ariz. at 83, ¶ 12 ("[A]n individual has a right of publicity that protects his or her name and/or likeness from appropriation for commercial or trade purposes.").

**¶17** Appellees make short shrift of *Reed* and encourage us to instead engage in a national survey of state privacy laws, which they contend favor their position. We decline the invitation. When the Arizona Supreme Court announces a clear legal rule, we are not free to stray from it. *Austin v. Austin*, 237 Ariz. 201, 208, ¶ 20 ("[T]his court is bound by the decisions of our supreme court and must apply the law it has declared."). Simply stated, Arizona always has, and continues to, recognize a personal right of action for violation of the right to publicity as a form of invasion of privacy.[1]

**¶18** We next address the superior court's ruling that even if Arizona would allow a civilian's claim for violation of a right of publicity, Appellants' claim is preempted by the federal Copyright Act. In the Copyright Act, Congress expressly preempted "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright." 17 U.S.C. § 301(a).

**¶19** Bay Entertainment argues that because Appellants' images are wholly contained within the tangible medium of photographs, their right of publicity claims are preempted by this statute. As support, Bay Entertainment relies primarily on *Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1136 (9th Cir. 2006). In *Laws*, the Ninth Circuit determined that the Copyright Act preempted a singer's misappropriation claim because the "the entirety of the allegedly misappropriated vocal performance [wa]s contained within a copyrighted medium." *Id.* at 1141.

**¶20** *Laws* is inapposite to this case. Appellants make their living by modeling, acting, and cultivating online personas as social media

---

[1] The recognition of a cause of action for violation of the right of publicity is, at a minimum, also consonant with the express recognition of a right of privacy in the Arizona Constitution. *See* Ariz. Const. Art. II, § 8.

influencers, partnering with and representing commercial brands. Appellants base their claims not on Bay Entertainment's use of anything in the photographs that is protected by copyright (e.g., composition, lighting, developing techniques), *see Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 60 (1884), but instead allege Bay Entertainment misappropriated their brands and likenesses represented in the photographs. Indeed, "where the plaintiff's claims are based on a non-copyrightable personal attribute rather than a copyrightable performance, the Copyright Act does not preempt the claims." *No Doubt v. Activision Publ'g, Inc.*, 702 F. Supp. 2d 1139, 1144 (C.D. Cal. 2010). "The subject matter of a right to publicity claim is the name or likeness, which 'does not become a work of authorship simply because it is embodied in a copyrightable work.'" *Id.* (quoting *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003–04 (9th Cir. 2001)).

¶21 Accordingly, we reverse and remand with respect to Appellants' common law right of publicity claims.

II. APPELLANTS' FALSE LIGHT CLAIM CANNOT BE RESOLVED ON A MOTION FOR JUDGMENT ON THE PLEADINGS.

¶22 Appellants argue that their false light claim raised evidentiary issues that made disposition on a motion for judgment on the pleadings inappropriate. Bay Entertainment counters that Appellants' false light claim must fail as a matter of law because "Plaintiffs allege that Bay [Entertainment] implied that Plaintiffs approve of dancing with cowboys, yet no reasonable person would find that implication to be so highly offensive as to be tortious" and ultimately, "this is a case about cowboys." Likewise, the superior court found that because the images of Appellants are "clearly posed, professional photographs of women who claim to be, and appear to be, professional models," then "[t]here is nothing about the photographs . . . [and] association with a cowboy bar" that would be "highly offensive to a reasonable person."

¶23 Arizona has adopted the Restatement (Second) of Torts definition of the false light invasion of privacy tort:

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if
>
> (a) the false light in which the other was placed would be highly offensive to a reasonable person, and

> (b) the actor had knowledge of or acted in reckless disregard
> as to the falsity of the publicized matter and the false light in
> which the other would be placed.

*Godbehere v. Phx. Newspapers, Inc.*, 162 Ariz. 335, 338 (1989) (quoting Restatement (Second) of Torts § 652(E) (1977)). Significantly, the defendant cannot be liable for the tort of false light "unless the publication places the plaintiff in a false light highly offensive to a reasonable person." *Id.* at 340. Further, the publication must contain "a major misrepresentation of [the plaintiff's] character, history, activity, or beliefs," not just slight inaccuracies. 162 Ariz. at 341 (quoting Restatement (Second) of Torts § 652E cmt. c (1977)). A false light claim can arise in two instances: (1) when the defendant publishes something untrue about the plaintiff; or (2) "when the publication of true information creates a false implication about the individual." *Id.* In the second type of case, the false implication constitutes the injury. *Id.*

¶24 The superior court erred when it granted Bay Entertainment's motion for judgment on the pleadings on Appellants' false light claim. Appellants allege in their complaint that they are professional models who "actively participate[ ] in vetting and selecting modeling, acting, brand spokesperson, or hosting engagements." Bay Entertainment posted more than 250 photos of Appellants on its social media pages, and in doing so, it created an implication that Appellants support, endorse, were paid by, or were in some other way associated with Denim & Diamonds. Bay Entertainment does not dispute that its postings gave rise to this implication, nor that it is false.

¶25 Appellants also allege in their complaint that this false impression "would be objectionable to a reasonable person." It is possible that the finder of fact will determine this implication is highly offensive to a reasonable person in Appellants' positions—models and influencers who regularly pose for such photographs. This is not to say that Appellants will win on the merits of their claim, but we cannot determine as a matter of law that Appellants failed to state a claim for relief. *See Desert Palm Surgical Grp., P.L.C. v. Petta*, 236 Ariz. 568, 580, ¶ 30 (App. 2015) (affirming denial of judgment as a matter of law on a false light claim because "[t]he jury was in the best position to resolve . . . material questions of fact").

## CONCLUSION

¶26      For the foregoing reasons, we reverse the superior court's ruling and remand for proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:    AA