971 P.2d 181

**LESLIE C., Appellant,**

v.

**MARICOPA COUNTY JUVENILE COURT and The Honorable Thomas A. Jacobs, a Commissioner thereof, Appellees.**

**No. 1 CA–JV 97–0043.**

Court of Appeals of Arizona,
Division 1, Department E.

Nov. 13, 1997.

Law Office of Kelly Allen Sifferman by Kelly Allen Sifferman, Phoenix, and Norling, Kolsrud, Sifferman, Svejda & Davis, P.L.C. by Mark S. Sifferman, Phoenix, for Appellant.

Grant Woods, Attorney General by Aimeé Burr Faust, Assistant Attorney General, Phoenix, for Appellees.

## OPINION

GERBER, Judge.

Leslie C. (Appellant) appeals from the juvenile court's order denying her petition to adopt. We affirm that order for reasons that follow. We issue this opinion for two reasons. First, there is at present a paucity of case law addressing certification for adoption. Second, this case illustrates the trial court's duty to independently assess evidence and, at times, to make decisions contrary to unanimous recommendations of witnesses.

## FACTS AND PROCEDURAL HISTORY

Appellant applied for preadoption certification with the Maricopa County Juvenile Court. Despite a favorable report by the adoption agency, the juvenile court denied her certification request. At a reconsideration hearing, several witnesses including a psychologist, a counselor, and a representative from the adoption agency testified that Appellant was fit to adopt. The juvenile court nonetheless reaffirmed its prior ruling denying certification. It cited her past and current mental history, her recent divorce, and her relationship with her five children.

## DISCUSSION

Appellant argues on appeal that the juvenile court abused its discretion. According to her:

> All of the expert testimony established that [the] history showed [Appellant] to be a fit parent and capable of providing a nurturing home for an adoptive child. These expert conclusions ... should not be disregarded.... Stated another way, there is nothing in the record rationally supporting a conclusion that [she] would not provide a nurturing home for a future adoptive child.

Appellant claims that the juvenile court cannot disregard unanimous and uncontradicted testimony. She questions, in essence, whether sufficient evidence supports the judgment. *See Callender v. Transpacific Hotel Corp.*, 179 Ariz. 557, 562, 880 P.2d 1103, 1108 (App.1993). We do not change the juvenile court's decision absent an abuse of discretion. *Appeal in Pima County Juvenile Action B–10489*, 151 Ariz. 335, 338, 727 P.2d 830, 833 (App.1986). No abuse exists if evidence in the record supports the court's ruling. *See id.*

Contrary to Appellant's assertion, even though all witnesses supported her, the evidence here is not one-sided.[1] Evidence in the home study report and from Appellant's own witnesses supports the juvenile court's ruling.

### A. Depression

█ The juvenile court relied in part on Appellant's history of depression. The evidence established that she sought and received medical treatment including years of counseling, anti-depressant medication, and hospitalization. She was receiving counseling and medication at the time of the hearing. Appellant argues that her mental history is a non-factor because her experts testified that she merited certification despite her depression. We disagree for two reasons.

█ First, the juvenile court may consider depression as an important factor. *See* Ariz. Rev.Stat. Ann. § 8–105(E)(5) (Supp.1996); *Juvenile Action B–10489*, 151 Ariz. at 338, 339, 727 P.2d at 833, 834. In *B–10489*, we upheld a denial of certification based, in part, on depression occurring more than a decade before the application. Appellant was hospitalized for one week in 1993 and was continuing her Prozac and counseling regimen at the time of the hearing. The juvenile court properly considered her mental history as a factor weighing against certification.

---

1. As Appellant's brief states: "Anyone charged with evaluating a potential adoptive parent should consider [Appellant's] marriages, her mental condition, and her relationship with her children. That does not mean that these factors are to be evaluated in a vacuum." This statement itself acknowledges that some evidence supports the juvenile court's decision.

Second, that all the witnesses supported Appellant's certification despite her depression is not dispositive. The judge who hears the evidence is in the best position to evaluate witnesses and weigh their credibility. *See Juvenile Action B–10489*, 151 Ariz. at 338, 727 P.2d at 833. Moreover, the trial judge must weigh evidence independently from the conclusions of witnesses. *See Callender*, 179 Ariz. at 562, 880 P.2d at 1108; *State Farm Fire and Cas. Co. v. Brown*, 183 Ariz. 518, 525–26, 905 P.2d 527, 537–35 (App. 1995) (judges are neither rubber stamps nor captives of witnesses). The juvenile court assigned a greater weight to Appellant's depression than did the witnesses. We cannot find an abuse of discretion in making this assessment of weight.

### B. Recent Divorce

The juvenile court also cited Appellant's recent divorce from a traumatic marriage. According to the adoption agency's report, Appellant married her second husband in early 1990. Until 1996, when they were divorced, her husband's abuse of alcohol and drugs caused serious legal and financial problems including jail time and loss of their home.

The fact that she divorced her second husband does not render that relationship moot. Her recent marital history indicates questionable judgment that affected herself and her relationship with her children. Appellant testified that prior to the second marriage she knew her husband-to-be drank. Despite this knowledge, she brought her child into this unstable environment and remained there for six turbulent years. Because the best interests of a potential adoptee are of great importance in the certification process, the juvenile court appropriately considered her second marriage and recent divorce as factors weighing against certification.

### C. Relation with Her Children

Lastly, the juvenile court cited Appellant's relationship with her five children. The only child in her custody has special medical and learning needs. Her relationship with her four other children deteriorat-

ed since the first divorce to the point that she "released" them to their father in 1993. Since then, she has had little contact with them, although a reconciliation may have started in 1995. The juvenile court noted concern over the relationship between Appellant and her children. In the court's estimation, adding another child could well harm the already strained family bonds.

Appellant argues that this determination constitutes error because it is speculative. It is not. We do not create or reweigh evidence. *Juvenile Action B–10489*, 151 Ariz. at 338, 727 P.2d at 833. Sufficient evidence in the record supports the juvenile court's determination that another child at present could well strain her already difficult relationship with her existing children.

Appellant also argues that the court's determination fails to consider the best interests of the child that Appellant wishes to adopt. Contrary to Appellant's assertion, when the juvenile court concluded that a newly adopted child would likely harm existing family relationships, it implicitly held that an adoptee's best interests would not be served by being put in Appellant's care at present.

### CONCLUSION

We are aware of the generosity and stability needed for successful adoption and find no reason to question Appellant's altruism. It may be that the reasons for the present denial are short-lived and Appellant may see fit to re-apply in the future. On the present state of the record, however, there is support in Appellant's own evidence for the juvenile court's decision to deny certification, and we therefore affirm that decision.

FIDEL, P.J., and Thompson, J., concur.