NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

EULERIC TORRANCE LOCKHART, *Petitioner/Appellee*,

*v.*

VICTORIA MARIE WILLIAMS, *Respondent/Appellant*.

No. 1 CA-CV 15-0011 FC A
FILED 12-3-2015

Appeal from the Superior Court in Maricopa County
No. FC2013-092368
The Honorable Benjamin R. Norris, Retired Judge

**AFFIRMED**

COUNSEL

Euleric Lockhart, Mesa
*Petitioner/Appellee*

Victoria Marie Williams, Gilbert
*Respondent/Appellant*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

**G E M M I L L**, Judge:

¶1 Victoria Williams ("Mother") appeals the family court's ruling denying her proposed relocation to Georgia with her daughter, A.L., and the family court's denial of her motion for new trial. For the following reasons, we affirm.

## FACTUAL AND PROCEDUREAL BACKGROUND

¶2 A.L. was born in Columbus, Georgia. Euleric Lockhart ("Father") did not initially live with Mother and A.L., but he and Mother eventually married and moved to Arizona. Mother and Father separated shortly thereafter.

¶3 Mother decided that she wanted to move back to Georgia to be closer to friends and family and to enjoy a better lifestyle. Father objected to Mother's proposed relocation with A.L., and the issue of relocation was presented to the family court, which held an evidentiary hearing. Shortly thereafter, the family court issued a ruling denying relocation.

¶4 In its ruling, the family court considered A.L.'s best interests under Arizona Revised Statutes ("A.R.S.") section 25-408 and *Pollock v. Pollock*, 181 Ariz. 275, 277 (App. 1995). The family court found, among other things, that Mother was historically hostile toward Father's relationship with A.L. The court also determined that Mother had both good and bad faith reasons for wanting to move and found that the move would degrade A.L.'s relationship with her father and harm A.L.'s stability. Based primarily on those findings, the family court denied the proposed relocation.

¶5 Mother filed a motion for new trial that was denied. Mother timely appeals, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶6 Mother contends the family court did not give proper weight to the evidence presented at trial or make the best interests determination as required by statute. She also contends the family court denied her motion for a new trial without justification. We will examine each argument in turn.

I.      Sufficiency of the Evidence and Best Interests Determination

**¶7**          We review a child custody determination for an abuse of discretion. *Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7 (App. 2003). We consider the evidence in the light most favorable to upholding the decision. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009). We will accept the family court's findings if there is credible evidence to support them. *In re Marriage of Berger*, 140 Ariz. 156, 162 (App. 1983). The parent wishing to relocate the child has the burden to prove that relocation is in the child's best interests. A.R.S. § 25-408(G). The family court must consider each factor set forth in A.R.S. § 25-408(I)[1] when considering whether the relocation is in the child's best interest. *Owen*, 206 Ariz. at 420-21, ¶ 8.

**¶8**          In making its ruling, the family court specifically considered each factor required by A.R.S. §§ 25-408(I) and 25-403(A). The court listed each factor individually and then made findings regarding each factor. Those findings are supported by reasonable, credible evidence.

**¶9**          Although Mother argues that Father would have received the same total amount of parenting time under her proposed plan in the event of relocation, it is not contested that the move would prevent A.L. from seeing Father for long periods of time during the school year. Furthermore, Father testified that Mother had on occasion made it difficult for him to have a relationship with A.L. by not directing A.L. to return Father's phone calls, not emailing Father status updates about A.L., and, before they were married, not letting Father see A.L. at times. The court found that Mother had "a track record of being hostile to the idea of A.L. having a relationship with Father" and this factor played a "major role" in the court's decision.

**¶10**          Mother claims that some of the family court's findings were contrary to the evidence presented and that the family court relied solely, and incorrectly, on Father's testimony. The record does not support

---

[1]  The applicable subsection of § 25-408 discussed in *Owen* had been changed to subsection (H) by the time of this evidentiary hearing and is now codified at subsection (I). 2012 Ariz. Legis. Serv. Ch. 309 (S.B. 1127); 2015 Ariz. Legis. Serv. Ch. 317 (H.B. 2519). Because the substance of the subsection has not been substantively altered, we refer to the current version, A.R.S. § 25-408(I), in this decision.

Mother's contention. Both sides presented evidence at trial, and the resolution of Mother's request to relocate required a subjective, fact-intensive weighing of the evidence presented and an assessment of the credibility of the witnesses who testified. An appellate court should grant considerable deference to a family court when reviewing such a determination. *See In re Gen. Adjudication of All Rights to Use Water in Gila River Sys. & Source*, 198 Ariz. 330, 340, ¶ 25 (2000) ("The trial court, not this court, weighs the evidence and resolves any conflicting facts, expert opinions, and inferences therefrom."); *See also Mary Lou C. v. Ariz. Dep't. of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004) (quoting *Pima Cty. Dependency Action No. 93511*, 154 Ariz. 543, 546 (App. 1987)) (indicating the trial court is "in the best position to weigh the evidence, judge the credibility of the parties, observe the parties, and make appropriate factual findings"). On this record, we conclude that the court's findings are supported by reasonable evidence.

¶11 We also conclude that the family court considered each of the required statutory factors under A.R.S. §§ 25-408 and 25-403 and correctly placed the burden on Mother to show it would be in A.L.'s best interests to relocate. The court ultimately found that relocation was not in A.L.'s best interests under the then-existing circumstances and we discern no abuse of discretion in reaching this conclusion.

II. Motion for New Trial

¶12 Mother also argues that the family court erred in denying her motion for new trial. "A motion for new trial on grounds that the verdict is against the weight of the evidence is within the sound discretion of the trial court," and we review denial of the motion for an abuse of discretion. *Styles v. Ceranski*, 185 Ariz. 448, 450 (App. 1996).

¶13 Mother's motion for new trial argued that the family court's ruling was not justified by the evidence, specifically asserting that certain testimony of Mother regarding the child's best interests was not "given the proper weight." As noted above, the family court is in the best position to evaluate the credibility of the witnesses. In that process, the court must weigh the evidence "independently from the conclusions of witnesses." *See Leslie C. v. Maricopa Cty. Juvenile Court*, 193 Ariz. 134, 136 (App. 1997). A review of the record reveals the family court considered and gave appropriate weight to the testimony of both Mother and Father. Because reasonable evidence supports its ruling, the family court did not abuse its discretion in denying Mother's motion for new trial.

**CONCLUSION**

¶**14**        Finding no abuse of discretion or legal error, we affirm the decision of the family court.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama