IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

**DAVID C., KIM C.,**
*Appellants,*

*v.*

**ALEXIS S., A.C.,**
*Appellees.*

No. CV-15-0302-PR
Filed August 2, 2016

Appeal from the Superior Court in Maricopa County
The Honorable Annielaurie Van Wie, Judge Pro Tem
No. JA47249
**AFFIRMED**

Opinion of the Court of Appeals, Division One
238 Ariz. 174, 358 P.3d 595 (App. 2015)
**VACATED**

COUNSEL:

Robert D. Rosanelli (argued), Phoenix, Attorney for David C. and Kim C.

David W. Bell (argued), Higley, Attorney for Alexis S.

JUSTICE BRUTINEL authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, JUSTICE TIMMER, and JUSTICE BOLICK joined.

JUSTICE BRUTINEL, opinion of the Court:

**¶1**          Petitioners David C. and Kim C., the proposed adoptive parents, seek to reinstate their adoption of A.C., arguing that the failure of Alexis S. ("Father") to timely register as a putative father under A.R.S. § 8-106.01(E) precludes his paternity case and his right to contest the adoption. Because Father timely filed and served a paternity action in compliance with A.R.S. § 8-106(J), we hold that he preserved his right to establish

paternity despite his failure to strictly comply with the putative father registration requirement.

## I.   BACKGROUND

**¶2**        A.C. was conceived in January 2013.  The parents separated two months later and Mother refused further contact with Father.  Aware of Mother's pregnancy and wanting to be involved in his child's life, Father unsuccessfully attempted to reestablish contact.  Even though she knew the identity of the father—and of his interest in parenting—at the time of A.C.'s birth, Mother signed an affidavit of paternity falsely stating that A.C.'s father was unknown.  She also signed a consent to adoption in favor of Petitioners, and A.C. was released into their care.

**¶3**        In accordance with A.R.S. § 8-106.01(H), thirty days after A.C.'s birth Petitioners searched Arizona's putative fathers registry and found no notice of claim of paternity associated with A.C.  They filed a petition to adopt A.C. and, beginning on November 25, 2013, published a "John Doe" notice of the pending adoption.

**¶4**        Coincidently, on that same day Father filed a paternity action, having learned of the child's birth and gender.  He served Mother two days later, but she never informed Petitioners of the paternity case.  Unaware of the pending paternity action, the juvenile court granted A.C.'s adoption by Petitioners.

**¶5**        Father learned of the adoption in February 2014 and immediately amended his paternity petition to include previously unknown information about A.C. (name, place of birth, etc.).  Petitioners moved to dismiss the paternity case, and Father moved to set aside the adoption.  Paternity testing established Father as A.C.'s biological father.  Despite Father having never filed a notice of claim of paternity with the putative fathers registry as required by A.R.S. § 8-106.01, the juvenile court set aside the adoption, concluding that Father had timely filed and served his paternity action.  The court found that he was entitled to notice of the adoption proceedings under A.R.S. § 8-111(5) and that the lack of notice violated his right to due process of law.

**¶6**        The court of appeals affirmed.  *David C. v. Alexis S.*, 238 Ariz. 174, 179 ¶ 22, 358 P.3d 595, 600 (App. 2015).  It reasoned that Father filed

and served a paternity action on Mother within two days of the initial John Doe publication and then diligently pursued that case. *Id.* Accordingly, Father "retained the right to assert his parental rights under § 8-106(G)" even though he failed to register as required by § 8-106.01(A)-(B). *Id.* The court of appeals distinguished *Marco C. v. Sean C.*, 218 Ariz. 216, 221 ¶ 18, 181 P.3d 1137, 1142 (App. 2008), in which a different panel of the court held that failure to register with the putative fathers registry within thirty days of the child's birth rendered a biological father's consent to his child's adoption unnecessary. *David C.*, 238 Ariz. at 178 ¶¶ 20-21, 358 P.3d at 599. And the court disagreed with *Marco C.* "insofar as it holds that filing with the putative fathers registry is a necessary precondition in all cases in which a father asserts his parental rights." *Id.* at 178 ¶ 21, 358 P.3d at 599.

¶7        We granted review to consider the interaction between A.R.S. §§ 8-106(G) and 8-106.01(E) and to resolve the conflict in the court of appeals' opinions. We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II.    DISCUSSION

¶8        We review an adoption order for an abuse of discretion, *Leslie C. v. Maricopa Cnty. Juvenile Court*, 193 Ariz. 134, 135, 971 P.2d 181, 182 (App. 1997), and issues of law, including statutory interpretation, de novo, *BMO Harris Bank, N.A. v. Wildwood Creek Ranch, LLC*, 236 Ariz. 363, 365 ¶ 7, 340 P.3d 1071, 1073 (2015).

¶9        When a statute is unambiguous, "we apply its terms without resorting to other tools of statutory interpretation, unless doing so leads to impossible or absurd results." *Fleming v. State Dept. of Public Safety*, 237 Ariz. 414, 417 ¶ 12, 352 P.3d 446, 449 (2015) (quoting *Orca Commc'ns Unlimited, LLC v. Noder*, 236 Ariz. 180, 182 ¶ 9, 337 P.3d 545, 547 (2014)). Statutes that are in pari materia—those of the same subject or general purpose—should be read together and harmonized when possible. *State v. Jones*, 235 Ariz. 501, 502 ¶ 6, 334 P.3d 191, 192 (2014) ("When two statutes conflict, we adopt a construction that reconciles them whenever possible, giving force and meaning to each.").

¶10       Adoption proceedings are governed by Title 8. Paternity actions, however, are governed by Title 25. The father has the right to bring a paternity action, A.R.S. § 25-803, and the paternity action may be

instituted during the pregnancy or after the child is born, but the time for filing is limited by A.R.S. § 8-106(J). A.R.S. § 25-804. Under Title 8, the biological father of the child to be adopted is entitled to notice of the filing of the adoption petition. *See generally* A.R.S. § 8-106. This notice gives the father the opportunity to file an action to establish his paternity and protect his right to parent the child. A biological father who initiates a paternity action is also entitled to notice of the hearing on the petition to adopt. A.R.S. § 8-106(A)(5).

¶11 The entry of a decree of adoption, after a properly noticed hearing, terminates the biological father's parental rights. A.R.S. § 8-117(B). But the juvenile court may not grant an adoption unless the child's father consents, if his paternity has been established under Title 25. A.R.S. § 8-106(A)(2)(c). Father did not consent to A.C.'s adoption and has established in his paternity action that he is A.C.'s biological father.

¶12 The question in this case is whether a father who timely files, serves, and successfully pursues a paternity action under Title 25, but who fails to register as a putative father under A.R.S. § 8-106.01, is entitled to notice of the adoption hearing or instead waives such notice and his right to contest the adoption. The answer to the question depends on the interplay between A.R.S. §§ 8-106(G) and 8-106.01(E).

¶13 A.R.S. §§ 8-106(G) and 8-106.01 differentiate between persons who are entitled to notice of the filing of the adoption proceeding and persons who are entitled to notice of the adoption hearing. Legal fathers and fathers who have timely filed a paternity action are entitled to notice of the adoption hearing. A.R.S. § 8-111. A *legal father* is one who was married to the mother between the time of conception and birth, has adopted the child, or has legally established paternity. *See* A.R.S. § 8-106(A)(2). A legal father is not only entitled to notice of the adoption hearing; he must affirmatively consent to the adoption. A.R.S. § 8-106(A). Although Father later established in his paternity action that he is A.C.'s biological father and that he did not consent to her adoption, he was not the legal father when the adoption petition was filed.

¶14 There are also two categories of fathers who are entitled to notice of the filing of adoption proceedings. A.R.S. § 8-106(G) requires notice to *potential fathers*. A potential father is a man, identified by the mother in an affidavit, who is or could be the father of the child, but whose

paternity has not been established. A.R.S. § 8-106(F). Section 8-106 provides:

> G. Notice [of a pending adoption petition] shall be served on each potential father as provided for the service of process in civil actions. The notice shall be substantially in the form prescribed in subsection I of this section and shall inform the potential father of all of the following:
>
> . . .
>
> 7. That the potential father's failure to file a paternity action pursuant to title 25, chapter 6, article 1, and to serve the mother and proceed to judgment in the paternity action as prescribed by this section, bars the potential father from bringing or maintaining any action to assert any interest in the child.

¶15        Under § 8-106(F) and (G), Father was a potential father, albeit unidentified by the Mother. Section 8-106(G) requires that notice of the adoption petition be given to any potential father to provide him an opportunity to establish paternity. The form of notice required by A.R.S. § 8-106(I) recognizes that potential fathers are to be identified by the mother. When, as here, the mother lies about the father's identity, the statutory scheme breaks down, but the mother's deceit does not deprive a potential father of his status as such or of the right to notice.

¶16        A party seeking to adopt a child must serve notice on all potential fathers. A potential father is advised by such notice that he must file a paternity action if he wants to contest the adoption. A.R.S. § 8-106(G), (I). But because Mother failed to inform either the court or Petitioners of Father's existence, Petitioners could not serve notice on him except by publication.

¶17        Finally, A.R.S. § 8-106.01 provides for notice to a *putative father* who registers as such. A putative father is a man who is or claims to be the father of the child and whose paternity has not been established. *See* A.R.S. § 8-106.01(A). Under the putative fathers registry provisions of A.R.S. § 8-106.01(A) and (B), "[a] person who is seeking paternity, who wants to receive notice of adoption proceedings and who is the father or claims to be the father of a child," within thirty days after the child's birth, "shall file

notice of a claim of paternity" with the Department of Health Services' ("DHS") registrar of vital statistics.

¶18      Prospective adoptive parents are required to provide the court with a certificate from DHS stating that there was no record of a filing pertaining to the child being adopted. A.R.S. § 8-106.01(H). When a notice of claim of paternity is found, notice of adoption proceedings and the father's rights and responsibilities must be served on the putative father and the father must file a paternity action if he wants to protect his rights, as required under A.R.S. § 8-106(G). Father did not register with the putative fathers registry.

¶19      Both potential and putative fathers waive their rights by inaction. Further, both A.R.S. §§ 25-806(C) and 8-106.01(B) provide relatively short time frames for the potential father to act to protect his rights, recognizing that children require permanent, stable homes. S.B. 1287, 54th Leg., 2002 Reg. Sess. (Ariz. 2002) (Fact Sheet). Under § 8-106(J):

> A potential father who fails to file a paternity action and who does not serve the mother within thirty days after completion of service on the potential father as prescribed in subsection G of this section waives his right to be notified of any judicial hearing regarding the child's adoption . . . and his consent to the adoption . . . is not required.

¶20      There is also a waiver provision in § 8-106.01(E) which states:

> E. A putative father who does not file a notice of a claim of paternity as required under this section waives his right to be notified of any judicial hearing regarding the child's adoption and his consent to the adoption is not required, unless he proves, by clear and convincing evidence, both of the following:
> 1. It was not possible for him to file a notice of a claim of paternity within the period of time specified in subsection B of this section.
> 2. He filed a notice of a claim of paternity within thirty days after it became possible for him to file.

Adopting the court of appeals' logic in *Marco C.*, Petitioners argue that under that subsection Father waived any right to notice of the adoption hearing because he failed to comply with the registry requirements of § 8-

106.01(A)-(B), and consequently, he was not entitled to contest the adoption petition.

¶21 The timely filing of a paternity action entitles a putative or potential father to notice of the hearing on the adoption petition. A.R.S. § 8-111. Failure to file a paternity action under A.R.S. § 25-806 results in the father waiving his right to notice of the adoption hearing. A.R.S. § 8-106(J). Such waiver also results even if the father timely files a § 8-106.01 claim of paternity but then fails to file a paternity action after receiving notice of the adoption proceeding under A.R.S. § 8-106.01(G). But neither § 8-106 nor § 8-106.01 bars a father from bringing a paternity action as long as he does so within thirty days after receiving notice of the adoption proceeding. The statutes only provide that failure to comply waives the potential father's right to notice of hearings, and his consent to the adoption is not required, allowing the adoption to proceed. A.R.S. § 8-106(J).

¶22 We agree with the court of appeals that the registry requirement in A.R.S. § 8-106.01 supplements but does not supplant the provisions of the adoption statute, A.R.S. § 8-106. The two statutes provide different ways of recognizing fathers' parental rights and relieving prospective adoptive parents from the obligation of obtaining a father's consent to the adoption. Section 8-106(G) provides notice when the mother identifies potential fathers, and § 8-106.01 is intended to provide notice when the putative father identifies himself. A potential father is entitled to notice under § 8-106(G) whether or not he registers with the putative fathers registry. A putative father must timely register to receive notice of the adoption proceedings or he waives notice and his consent is not required to finalize the adoption. In either case, a father is entitled to bring an action to establish paternity if he does so within thirty days of the A.R.S. § 8-106(G) notice. This reading harmonizes A.R.S. §§ 8-106 and 8-106.01.

¶23 As noted above, however, Title 8 imposes substantial time limitations on a biological father's ability to assert his paternity. If the mother was truthful and a potential father was provided notice and then complied with A.R.S. § 8-106(G), he would be entitled to contest the adoption even if he failed to register. When a potential father was not personally served with notice because of the mother's wrongdoing but nonetheless complied with A.R.S. § 8-106(G), but not A.R.S. § 8-106.01, requiring registration serves no purpose other than to reward mother's conduct by precluding the potential father from contesting the adoption.

The plain language of § 8-106.01 waives a non-filing father's right to notice of the adoption and bars a paternity action by a father who fails to file a paternity action within thirty days of the § 8-106(G) notice. If the legislature had also intended to make registration under § 8-106.01 a threshold prerequisite for establishing paternity it would have expressly said so.

¶24 As previously noted, Mother falsely stated that the father was unknown. But Mother's deceitful act does not change Father's status. Thus, Father is both a potential father—entitled to notice—and a putative father. Petitioners served Father by publication of a John Doe notice pursuant to § 8-106(G). By coincidence, Father complied with the statutory requirements set forth in that notice by timely filing his paternity action and serving Mother. Therefore, he did not lose his rights to notice of the adoption hearing or to decline his consent to the adoption. A.R.S. § 8-106(J). Because Father ultimately established paternity, per § 8-106(A)(2)(c), the juvenile court correctly set aside the adoption order.

¶25 To the extent *Marco C.* suggests that failing to timely register with the putative fathers registry automatically bars a potential father from pursuing a paternity action and establishing paternity, or obviates the need for his consent to adoption, 218 Ariz. at 221 ¶ 18, 181 P.3d at 1142, we disagree. But we agree with the result in *Marco C.* because the biological father in that case also failed to timely serve the paternity action on the mother, as required by A.R.S. § 8-106(G)(3).

## III. CONCLUSION

¶26 A father who timely files a paternity action within thirty days of service by publication of the A.R.S. § 8-106(G) notice and timely serves that action on the mother is not precluded from establishing paternity and does not waive his right to contest the child's adoption, merely because he did not file a claim of paternity under the putative fathers registry statute, A.R.S. § 8-106.01. We vacate the court of appeals' opinion and affirm the juvenile court's decision granting Father's motion to set aside the adoption.