NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DOUGLAS DURAN BUNDY, et al., *Petitioners/Appellees*

*v.*

CRYSTAL RAE ALFORD, *Respondent/Appellant*.

No. 1 CA-CV 16-0419 FC
FILED 4-11-2017

Appeal from the Superior Court in Mohave County
No. B8015DO201504405
The Honorable Rick A. Williams, Judge

**AFFIRMED**

COUNSEL

Whitney & Whitney PLLC, Kingman
By Michael J. Wozniak
*Counsel for Petitioners/Appellees*

Crystal Alford, Mesquite, NV
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Margaret H. Downie joined.

---

**B E E N E** , Judge:

¶1        Crystal Alford ("Mother") appeals the superior court's order awarding Douglas and Barbara Bundy ("Grandparents") sole legal decision-making authority to A.B. ("Child"), and limiting Mother's parenting time to eight hours per week.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        On October 30, 2015, shortly after Child's father passed away, Grandparents filed an emergency petition for legal decision-making authority pursuant to Arizona Revised Statutes ("A.R.S.") section 25–409 (2017).[1]    The superior court entered emergency orders awarding Grandparents temporary legal decision-making authority and temporary visitation with Child, and granted Mother eight hours per week of supervised parenting time in a therapeutic setting.  The superior court entered the emergency order based on its finding that Mother was unable to consistently parent Child and exhibited violent behavior.

¶3        After several hearings, the superior court awarded Grandparents *in loco parentis* status with respect to Child, granting them sole legal decision-making authority and allowing Mother eight hours of supervised parenting time per week.  The superior court noted that Mother lacked a stable residence, missed two therapeutic visits with Child, and smelled of marijuana during a therapeutic visit. Based on Mother's history of substance abuse, the superior court found that awarding Grandparents sole legal decision-making authority and allowing Mother only limited visitation rights was in Child's best interests.

---

[1]        Absent material revisions after the relevant date, we cite a statute's current version.

¶4 Mother timely appealed the superior court's order. We have jurisdiction pursuant to A.R.S. §§ 12–120.21 (2017) and 12–2101 (2017).

## DISCUSSION

¶5 Pursuant to A.R.S. § 25–409, a non-parent may petition the superior court for legal decision-making authority or placement of a child. The superior court will deny the petition unless: (1) the non-parent stands *in loco parentis* to the child, (2) it would be "significantly detrimental" for the child to remain in the parent's care, (3) another jurisdiction has not entered or approved an order concerning parenting time or legal decision-making authority over the child within the previous year, and (4) one of the legal parents is deceased. A.R.S. § 25–409(A)(1)–(4).

¶6 There is a presumption that awarding legal decision-making authority to the parent is in the best interests of the child, but a non-parent can rebut that presumption by showing clear and convincing evidence to the contrary. A.R.S. § 25-409(B).

¶7 Mother contends that the superior court erred when it awarded Grandparents sole legal decision-making authority, because it ignored evidence that Grandparents interfered with her custodial rights in violation of the law. Mother also contends that the superior court erred by finding that Grandparents had an *in loco parentis* relationship with Child. We review the award of legal decision-making authority for an abuse of discretion. *Pridgeon v. Superior Ct.*, 134 Ariz. 177, 179 (1982); *Egan v. Fridlund-Horne*, 221 Ariz. 229, 240–41, ¶ 43 (App. 2009); *Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7 (App. 2003); *McGovern v. McGovern*, 201 Ariz. 172, 175, ¶ 6 (App. 2001). Likewise, we review the superior court's decision regarding *in loco parentis* custody for an abuse of discretion. *Egan*, 221 Ariz. at 240–41, ¶ 43. "'Abuse of discretion' is discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Tilley v. Delci*, 220 Ariz. 233, 238, ¶ 16 (App. 2009).

¶8 As a preliminary matter, we note that Mother failed to provide a transcript of the superior court's proceedings as required by Arizona Rule of Civil Appellate Procedure 11(b)(1). In the absence of a transcript, we presume the record supports the superior court's findings and conclusions. *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).

¶9 Here, the superior court heard testimony from Grandparents, Mother, and a sheriff's deputy, and admitted exhibits showing, *inter alia*, Mother's history of alcohol and drug abuse and inability to obtain gainful employment, Mother's therapeutic visits with Child, grandfather's 2007

DUI conviction, a 2015 letter from the Department of Child Safety determining that a report of child neglect or abuse by Mother was unsubstantiated, and letters from others attesting to Mother's parenting abilities or grandfather's violent history. A superior court has a "duty to independently assess evidence" presented at a hearing. *Leslie C. v. Maricopa Cty. Juv. Ct.*, 193 Ariz. 134, 135 (App. 1997). When there is conflicting evidence, the trial court may make a finding provided there is substantial evidence to support it. *Imperial Litho/Graphics v. M.J. Enters.*, 152 Ariz. 68, 77 (App. 1986). The superior court is in the best position to weigh this evidence and assess witness credibility, and we will not reweigh the evidence. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347-48, ¶ 13 (App. 1998).

**¶10** Based on the testimony and other evidence, the superior found that Grandparents have an *in loco parentis* relationship with Child after caring for him for "a large portion of [his] life." The superior court also found that Mother did not have a stable residence, missed two therapeutic visits with Child, and smelled of marijuana during another therapeutic visit. Based on Mother's "history of chemical dependence and probationary status for [a] felony drug offense," the superior court found Mother's behavior "troubling," and determined that awarding Mother legal decision-making authority would put Child's health, safety and welfare at risk. The superior court found, and it is undisputed, that Child's father is deceased.

**¶11** Having addressed the preliminary requirements in § 25-409, the superior court determined that Grandparents established clear and convincing evidence that it was in Child's best interests to award Grandparents sole legal decision-making authority to Child, because Grandparents appropriately cared for Child's medical, educational and day-to-day needs. Mother testified contrary to Grandparents' evidence and testimony, but the superior court found that Mother "did not testify credibly." Because substantial evidence supports the superior court's findings, the court did not abuse its discretion.

**¶12** Lastly, Mother contends that the superior court erred when it admitted, over objection, Mother's mental health records in violation of the Health Insurance Portability and Accountability Act.[2] "We review the [superior] court's decision to admit evidence for an abuse of discretion or legal error and resulting prejudice." *TM2008 Invs., Inc. v. Procon Capital Corp.*, 234 Ariz. 421, 424, ¶ 12 (App. 2014);

---

[2] Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. 104-191, 110 Stat. 1938 (1996).

*State v. Smith*, 136 Ariz. 273, 276 (1983). Generally, relevant evidence is admissible. *See* Ariz. R. Evid. 402. Relevant evidence is evidence that has any tendency to make a consequential fact more or less probable than it would be without that evidence. Ariz. R. Evid. 401.

**¶13** Mother's contention is unfounded. HIPAA privacy rules apply only to covered entities—health plans, health care clearinghouses, and health care providers who electronically transmit health information. *See* 42 U.S.C. § 1320d–1(a) (2012); 45 C.F.R. § 160.102(a) (2013); 45 C.F.R. § 164.104(a) (2013). Grandparents are not covered entities. *See State v. Straehler*, 307 Wis.2d 360, 366–67, ¶ 10 (Wis. App. 2007) (HIPAA does not apply to police officers because they are not "covered entities"). Assuming *arguendo*, that HIPAA applied to Grandparents and they violated the privacy rule, suppression of the evidence is not a remedy for a HIPAA violation. *See id*. at 368, ¶ 13. Mother's mental health records showing alcohol and drug abuse are relevant to Child's best interests. Without a transcript of the proceedings, we assume the superior court did not abuse its discretion by admitting Mother's mental health records.

**¶14** Grandparents request an award of attorneys' fees and costs on appeal pursuant to A.R.S. § 25–324. After review, that request is denied.

### CONCLUSION

**¶15** For the foregoing reasons, we affirm the superior court's order.



AMY M. WOOD • Clerk of the Court
FILED: AA