NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

KIMBERLY LEWIS, *Petitioner/Appellee*,

*v.*

WILLIAM ANDREW REHKOW, *Respondent/Appellant*.

No. 1 CA-CV 18-0314 FC
FILED 6-18-2019

Appeal from the Superior Court in Maricopa County
No. FC2002-004726
The Honorable Ronee Korbin Steiner, Judge

**AFFIRMED**

COUNSEL

Kimberly Lewis, Phoenix
*Petitioner/Appellee*

William Andrew Rehkow, Las Vegas, Nevada
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

---

**C R U Z**, Judge:

¶1         William Andrew Rehkow ("Father") appeals the superior court's orders denying his petition to modify parenting time and his motion for a new trial.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2         Father and Kimberly Lewis ("Mother") have one minor child in common, A.R., born in November 2001.  This case involves a seventeen-year-long divorce and child custody dispute.  We briefly summarize only those facts relevant to this appeal.

¶3         Mother and Father were divorced in 2003.  The original orders awarded Mother sole legal decision-making authority and parenting time, while Father was awarded supervised parenting time.  In September 2015, the superior court granted Father's petition to modify parenting time.

¶4         In 2018, Father filed a new petition to modify parenting time and to hold Mother in contempt.  The court held a one-day evidentiary hearing, where it heard testimony from Father, Mother, A.R.'s maternal uncles, and stepmother.  A therapist testified as a lay witness.  In a detailed order, the superior court found there has been no "material change in circumstances affecting the child's welfare . . . since the Court's entry of the last parenting time orders" in 2015.  The superior court found Mother "significantly more credible than Father."  The court considered the relevant factors, denied Father's petition to modify parenting time and ordered that Mother have sole legal decision-making authority.  *See* Arizona Revised Statutes ("A.R.S.") sections 25-403, -403.01, and -403.03.  The court also denied Father's petition for contempt.

¶5         Father filed a notice of appeal, then filed a motion for new trial.  This court stayed the appeal to allow the superior court to rule on Father's motion. The superior court denied Father's motion for a new trial.

Father filed an amended notice of appeal.[1]  We have jurisdiction pursuant to A.R.S. § 12-2101(A)(2), (5)(a).

**DISCUSSION**

I.      Standard of Review

**¶6**          We review the superior court's orders modifying legal decision-making authority and parenting time for an abuse of discretion. *Baker v. Meyer*, 237 Ariz. 112, 116, ¶ 10 (App. 2015); *Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7 (App. 2003).  The superior court has broad discretion to determine whether a material change in circumstances meriting a change in its prior orders has occurred, and its decision will not be reversed absent an abuse of discretion.  *Pridgeon v. Superior Court*, 134 Ariz. 177, 179 (1982). The court "abuses its discretion when it makes an error of law in reaching a discretionary conclusion or when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support [it]."  *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014) (quotation omitted).  We will not reweigh the evidence, and we will affirm if substantial evidence supports the court's ruling.  *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009).  We review the denial of a motion for new trial for an abuse of discretion.  *Pullen v. Pullen*, 223 Ariz. 293, 296, ¶ 10 (App. 2009).

II.     Modification of Parenting Time

**¶7**          Father argues the superior court erred by denying his petition to modify parenting time.  We disagree.

---

[1]      During the pendency of the instant appeal, Mother filed a pleading captioned "Court Order dated 5/6/19 to Support Dismissal of Appeals," urging this court to summarily dismiss the appeal.  Mother's request is based on her contention that: (1) Father's appeal is brought for the sole purpose of harassing Mother, (2) the child will become an adult in the current year and can make her own decisions regarding whether to have contact with Father, (3) Father has filed a subsequent petition to modify his legal decision-making authority and parenting time, and (4) he had the opportunity to be heard at a full and fair hearing regarding the most recent petition and it was also denied.  Because we decide this appeal on its merits, Mother's motion is hereby summarily denied.  Pursuant to ARCAP 1(d) "[a]ny party aggrieved by a judgment may appeal as provided under Arizona law and by [the Arizona Rules of Civil Appellate Procedure]".

¶8          "[T]he court shall not restrict a parent's parenting time rights unless it finds that the parenting time would endanger seriously the child's physical, mental, moral or emotional health."   A.R.S. § 25-411(J).   "The outlines of that right are made clear under Arizona public policy and statutes, which direct that a child's best interest includes 'substantial, frequent, meaningful and continuing parenting time with both parents,' . . . which protect that right absent exceptional circumstances."  *Baker*, 237 Ariz. at 114, ¶ 6 (quoting A.R.S. § 25-103(B), (C)); *see* A.R.S. § 25-411(J).

¶9          To change an existing custody order, the superior court must determine there "has been a material change in circumstances affecting the welfare of the child."  *Canty v. Canty*, 178 Ariz. 443, 448 (App. 1994).  Only if the superior court finds there has been a material change in circumstances does it then proceed to analyze best interests.  *See* A.R.S. § 25-411(L) ("The court shall deny the motion [to modify] unless it finds that adequate cause for hearing the motion is established by the pleadings."); *Christopher K. v. Markaa S.*, 233 Ariz. 297, 300, ¶ 15 (App. 2013) ("If the court finds . . . a [material] change in circumstances, it must then determine whether a change in custody would be in the child's best interests.").  As the party seeking to modify custody, Father had the burden of proving a material change in circumstances.  *Pridgeon*, 134 Ariz. at 181.

A.     Evidence That Predates 2015

¶10          Father contends the superior court erred by failing to consider evidence of changed circumstances "predating 2015."   Specifically, he argues the evidence all "goes back to 2007."  The record contains substantial relevant evidence to support the superior court's order.  The last parenting time modification was entered in 2015.  To the extent that Father had evidence supporting his petition to modify that predates the 2015 modification proceedings, he should have presented such evidence and arguments at the time of the hearing on his 2015 petition.  *See Davis v. Davis*, 78 Ariz. 174, 176 (1954) (holding modification of custody orders requires "cogent reasons" . . . "constitut[ing] facts or conditions unknown at the time of the original [order], or occurring subsequent to the [order]") (citations omitted); *Hendricks v. Mortensen*, 153 Ariz. 241, 243 (App. 1987) (holding Arizona case law requires a showing of changed circumstances materially affecting the welfare of the child) (citation omitted).

B.     Mental Health

¶11          Father next argues the court erred by "failing to confirm Mother's mental health records," and contends Mother's failure to attend

therapy showed a change in circumstances. Father cites no evidence or authority to support his argument that the superior court should independently verify Mother's testimony regarding her compliance with the court's recommendation that she attend counseling. In fact, it is not clear that Mother was ordered to participate in any type of counseling in 2015. Actually, the minute entry resulting from the 2015 evidentiary hearing states in relevant part, "THE COURT FINDS it would be beneficial for Mother to attend individual counseling with someone who holds a Master's [sic] level degree." Regardless, Father raises this argument for the first time on appeal. *Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13 (App. 2000) (explaining that generally the court does not consider issues raised for the first time on appeal). Moreover, the superior court explicitly considered the mental and physical health of all individuals involved and found that "Father still has obsessive behaviors toward Mother and vengeance as previously indicated. It does not appear Father has made strides in this regard." Father fails to cite specific evidence to support his allegations that the court abused its discretion in assessing Mother's mental health as a potential factor meriting modification of the current legal decision-making authority and parenting time orders. We find no error on this basis.

### C. Requisite Findings

**¶12** Father also contends the superior court denied his petition without making the requisite findings pursuant to A.R.S. § 25-403(B).[2] Section 25-403(B) applies in a "contested legal decision-making or parenting time case," but § 25-411 governs the process for *modifying* legal decision-making or parenting time. *Murray v. Murray*, 239 Ariz. 174, 176, ¶¶ 6-7 (App. 2016). Following an evidentiary hearing, the court found Father had "not demonstrated that a material change in circumstances affecting the child's welfare ha[d] occurred since the [c]ourt's entry of the last parenting time orders." Therefore, the superior court was not required to make § 25-403 best-interest findings. Nevertheless, the court made explicit findings pursuant to A.R.S. §§ 25-403, -403.01, -403.03, -403.04, and -403.05. The superior court did not err.

---

[2] Father cites no authority to support his argument and it is therefore waived. *See Englert*, 199 Ariz. at 26. In our discretion, we address this argument.

D.      Sufficient Evidence

**¶13**         Finally, Father argues the superior court's order was not supported by sufficient evidence.  We disagree.  The record and the court's twenty-eight-page ruling contain ample evidence supporting the court's conclusion.  Of note, the superior court found as follows:

> The parties have continued to be in high conflict.  The child's relationship with Father is as bad now as it was before, if not worse.  The child has a strong desire to stop all parenting time with Father although the Court believes ceasing the time will further damage the relationship.  Father bears no responsibility for his actions.

Moreover, the court found Mother has a good relationship with A.R., and Mother and her witnesses were "significantly more credible than Father." The court remarked that rather than take personal responsibility for his tenuous relationship with A.R., Father blamed it on Mother's "alienation" of the child.

**¶14**         The court appointed Dr. Christiano as a therapeutic interventionist ("TI").  In his report, Dr. Christiano noted that Father's relationship with A.R. caused the child a great deal of anxiety.  Specifically, the report reflected that Father's and A.R.'s relationship had not improved. Additionally, Dr. LaMorgese, a therapist who worked with Dr. Christiano and provided therapy to Father and A.R., testified at the evidentiary hearing that therapy did not change their relationship.  Relying in part on the TI's report, the court found that Father did not show counseling changed his approach to his relationship with A.R. or Mother, and the record supports the finding.

**¶15**         Father next contends the superior court's finding that "[t]he parents hate each other significantly more than they love their child as they both have continued to create stressful scenarios for her, although more by Father," was based on insufficient evidence.  However, Father does not specifically point to evidence in the record which the court erroneously relied on.  Father's argument amounts to a request that we reweigh the evidence.  Reweighing evidence is not this court's function.  *Hurd*, 223 Ariz. at 52, ¶ 16.  We defer to the trial court's determination of witness credibility and the weight to give conflicting evidence.  *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998).  Here, the superior court considered the relevant factors and weighed the evidence in its thorough ruling.  Accordingly,

substantial evidence supports the superior court's ruling and there was no error.[3]

III.    Motion for New Trial

¶16        Father argues the superior court erred in denying his motion for a new trial.  We disagree.

¶17        Under Arizona Rule of Family Law Procedure 83(a), a judgment may be vacated, and a new trial granted for certain enumerated causes "materially affecting a party's rights."  "To obtain relief, the moving party must demonstrate that the evidence (1) is material, (2) existed at the time of trial, (3) could not have been discovered before trial by the exercise of due diligence, and (4) would probably change the result at a new trial." *Waltner v. JPMorgan Chase Bank, N.A.*, 231 Ariz. 484, 490, ¶ 24 (App. 2013).

¶18        In Father's motion for new trial, he argued that the superior court's ruling was not justified by the evidence.  He specifically argues on appeal that he presented "[n]ewly discovered [e]vidence" showing a change of circumstances warranting a new trial.  However, Father failed to develop any argument supporting such claim both in his motion and on appeal.

¶19        The superior court is in the best position to evaluate the credibility of witnesses and weigh the evidence.  In that process, the court must weigh the evidence "independently from the conclusions of witnesses." *See Leslie C. v. Maricopa Cty. Juv. Ct.*, 193 Ariz. 134, 136 (App. 1997).  A review of the record reveals the superior court considered and gave appropriate weight to the testimony at the evidentiary hearing, the evidence, and record.  Because reasonable evidence supports its ruling, the superior court did not abuse its discretion in denying Father's motion for new trial.

---

[3]    Father also claims that the superior court "abused its discretion by restricting the parents' free speech."  However, he failed to support his argument with relevant legal authorities, so we will not further consider it. *See* ARCAP 13(a)(7).

## CONCLUSION

¶20        For the foregoing reasons, we affirm.[4]



AMY M. WOOD • Clerk of the Court
FILED:   AA

---

[4]        Mother filed a "Motion to Seal This Appeal & Decisions Rendered." In that pleading, Mother requests this court seal the instant Memorandum Decision based on the argument that Appellant uses the appeals process to divulge information which the superior court has previously ordered sealed.  The State of Arizona favors open government and an informed citizenry.  To that end, in general, "the records in all courts . . . of the Judicial Department of the State of Arizona are presumed to be open to any member of the public for inspection or to obtain copies at all times."  Rules of the Supreme Court of Arizona, Rule 123(c)(1).   Although there may be countervailing interests supporting restriction of public access to certain records, we find an insufficient basis to do so here.  Therefore, Mother's motion is hereby denied.