NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

BARBARA BROOKS, *Petitioner/Appellant*,

*v.*

ZOEY CARDOZA and TORRIN BRASWELL, *Respondents/Appellees*.

No. 1 CA-CV 23-0604 FC

FILED 08-01-2024

Appeal from the Superior Court in Mohave County
No. B8015DO202004098
The Honorable Kenneth Gregory, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Barbara Brooks, Bullhead City
*Petitioner/Appellant*

Zoey Cardoza, Bullhead City
*Respondent/Appellee*

Torrin Braswell, Bullhead City
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Jennifer M. Perkins and Vice Chief Judge Randall M. Howe joined.

---

**C A T L E T T**, Judge:

¶1        Barbara Brooks ("Brooks") appeals the superior court's decision terminating her legal decision-making authority over M.B.  The superior court did not err in concluding that Brooks failed to rebut the presumption that it was in M.B.'s best interests to award legal decision-making authority to M.B.'s mother ("Mother").  We therefore affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        M.B. was born in May 2019.  When M.B. was about four months old, Mother left M.B. with Brooks, who is the mother of one of Mother's former boyfriends.  Brooks then petitioned for third-party legal decision-making authority over M.B.  After conducting an *ex parte* hearing and finding Mother was "unable to parent due to a heroin addiction," the superior court gave Brooks temporary legal decision-making authority.  Several months later, the court held another hearing, during which Brooks and Mother testified.  After that hearing, the court awarded Brooks legal decision-making authority, partly because Brooks, on behalf of M.B., had obtained an injunction against Mother, preventing Mother from exercising parenting time with M.B.

¶3        Two years later, Mother sought to re-obtain legal decision-making authority.  The court initially rebuffed that request because the law required it to presume Mother, at the time, was an unfit parent due to her history of substance abuse.  *See* A.R.S. § 25-403.04.  The court noted, however, "that [Mother] ha[d] made significant headway towards rebutting the presumption of unfitness" because she was participating in an adult recovery court program and was "90 days clean."  The court instead allowed Mother unsupervised parenting time with M.B., and it informed her that "successful completion of the Recovery Court program will be sufficient . . . to rebut the statutory presumption of unfitness and restore her rights as [M.B.'s] parent."

2

¶4            In 2023, Brooks was arrested and incarcerated.  So Mother requested temporary orders giving her legal decision-making authority over M.B.  The court granted Mother's request.

¶5            Later, after an evidentiary hearing, the court revisited Mother's request for legal decision-making authority.  The court recognized that Mother had overcome the presumption of parental unfitness because she was "in Phase 4 of the adult recovery court and [wa]s 232 days clean and sober, as verified by random drug testing[.]"  The court explained that it, therefore, had to presume that "awarding legal decision-making to Mother is in the best interest of [M.B.]."  *See* A.R.S. § 25-409(B).  The court concluded that Brooks "ha[d] not rebutted this presumption by clear and convincing evidence" and awarded Mother legal decision-making authority.

¶6            Brooks timely appealed; we have jurisdiction.  *See* A.R.S. § 12-2101.

## DISCUSSION

¶7            Brooks challenges the superior court's order restoring Mother's parental rights as to M.B.  Mother did not file an answering brief with this court.  When an appellee does not file an answering brief and debatable issues exist, we may consider such failure a confession of reversible error.  *Savord v. Morton*, 235 Ariz. 256, 259 ¶ 9 (App. 2014).  But because, here, the best interests of a child are at issue and Brooks has not raised a debatable issue, we address the merits of her arguments.

¶8            We review an award of legal decision-making authority for an abuse of discretion.  *Olesen v. Daniel*, 251 Ariz. 25, 29 ¶ 14 (App. 2021).  We review the court's interpretation and application of A.R.S. § 25-409 *de novo*.  *Chapman v. Hopkins*, 243 Ariz. 236, 240 ¶ 14 (App. 2017).  The superior court has a "duty to independently assess evidence" presented at a hearing.  *Leslie C. v. Maricopa Cnty. Juv. Ct.*, 193 Ariz. 134, 135 (App. 1997).  Where there is conflicting evidence, the superior court is in the best position to weigh the evidence and assess witness credibility.  *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347–48 ¶ 13 (App. 1998).  We also note that Brooks failed to order transcripts of the superior court's proceedings.  *See* Ariz. R. Civ. App. P. 11(b)(1).  Without transcripts, we assume the record supports the superior court's findings and conclusions.  *Kline v. Kline*, 221 Ariz. 564, 572 ¶ 33 (App. 2009).

¶9            When deciding whether to award legal decision-making authority to a third party, there is "a rebuttable presumption that awarding

legal decision-making to a legal parent serves the child's best interests[.]" A.R.S. § 25-409(B). This presumption is only rebutted "by clear and convincing evidence that awarding legal decision-making to a legal parent is not consistent with the child's best interests," as outlined in A.R.S. § 25-403. A.R.S. § 25-409(B); *see also Chapman*, 243 Ariz. at 241 ¶ 18.

¶10 After the superior court heard testimony from Mother and one of her treatment providers, the court found Mother was in Phase 4 of the adult recovery court, had undergone random drug tests showing she was "232 days clean and sober," and was "stable and doing well." The record adequately supports the superior court's conclusion that Mother rebutted the presumption that, due to her previous substance abuse, awarding her legal decision-making authority was not in M.B.'s best interests. *See* A.R.S. § 25-403.04.

¶11 That conclusion triggered a second presumption, this time in Mother's favor—"that awarding legal decision-making to [Mother] serves [M.B.'s] best interests." *See* A.R.S. § 25-409(B). Brooks could only overcome that presumption with "clear and convincing evidence that awarding legal decision-making to [Mother] [was] not consistent with [M.B.'s] best interests." *Id.* The superior court determined that Brooks did not sufficiently show that awarding Mother legal decision-making would be inconsistent with M.B.'s best interests. The court instead found that M.B. was doing well in Mother's care. Without a transcript of the hearing, we assume the record supports those findings and conclusions. *Kline*, 221 Ariz. at 572 ¶ 33.

¶12 Finally, Brooks argues the superior court judge should have recused himself because, according to Brooks, the judge previously dated one of Mother's aunts, making him more likely to award Mother legal decision-making authority. Rule 2.11 of the Arizona Code of Judicial Conduct instructs that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned," including when the judge's spouse or certain other close relatives are party to the proceeding. A party challenging a judge's impartiality "must overcome the presumption that [superior court] judges are 'free of bias and prejudice.'" *Stagecoach Trails MHC, L.L.C. v. City of Benson*, 232 Ariz. 562, 568 ¶ 21 (App. 2013) (citations omitted). To do so, the party must "set forth a specific basis for the claim of partiality and prove by a preponderance of the evidence that the judge is biased or prejudiced." *Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 63 ¶ 29 (App. 2010); *Stagecoach Trails MHC, L.L.C.*, 232 Ariz. at 568 ¶ 21 ("Judicial rulings alone do not

support a finding of bias or partiality without a showing of an extrajudicial source of bias or a deep-seated favoritism.").

**¶13** The niece of an individual a judge once dated is not among the relationships listed in Rule 2.11. In any event, Brooks does not establish that the judge was aware who Mother's aunt was or, more importantly, that the purported former relationship between the judge and Mother's aunt otherwise rendered the judge impartial. Brooks has not established judicial bias requiring recusal.

## CONCLUSION

**¶14** We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AGFV