NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

CORY BUTLER, *Petitioner/Appellant,*

*v.*

AUDRY LAROSK, *Respondent/Appellee.*

No. 1 CA-CV 23-0576 FC
FILED 06-27-2024

Appeal from the Superior Court in Maricopa County
No. FC2023-003064
The Honorable Robert Ian Brooks, Judge

**AFFIRMED**

COUNSEL

Righi Fitch Law Group PLLC, Phoenix
By Elizabeth S. Fitch, Benjamin L. Hodgson
*Counsel for Petitioner/Appellant*

Stuart & Blackwell, PLLC, Chandler
By Cory A. Stuart
*Counsel for Respondent/Appellee*

------------------------

**MEMORANDUM DECISION**

Presiding Judge Andrew M. Jacobs delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge David D. Weinzweig joined.

------------------------

**J A C O B S**, Judge:

¶1            Cory Butler ("Potential Father") appeals the superior court's dismissal of his untimely petition to establish paternity, claiming his lawyer rendered ineffective assistance of counsel by failing to file and serve it timely, thus denying him due process.  We affirm because A.R.S. § 8-106(G)(3) bars his untimely filing, and because the processes here did not lack fundamental fairness to Potential Father, given his lack of action with notice of the imminent expiration of his time to file a petition.

## FACTS AND PROCEDURAL HISTORY

¶2            On April 14, 2023, Audry Larosk ("Mother") served Potential Father with a notice ("the Notice") that she planned to place Child up for adoption.  The Notice informed Potential Father that to withhold consent to the adoption, he had to "initiate paternity proceedings under title 25, chapter 6, article 1, Arizona Revised Statutes, and serve the Mother within thirty days after completion of service of this notice."  The Notice likewise informed Potential Father that if he did "not file a paternity action under title 25, chapter 6, article 1, Arizona Revised Statutes, and d[id] not serve the Mother within thirty days after completion of service of th[e Notice] and pursue the action to judgment," he could not "bring or maintain any action to assert any interest in" Child.

¶3            Potential Father hired counsel on May 8, 2023, twenty-four days after Mother served the Notice.  The record reflects no actions by Potential Father or communications from him to counsel after May 8, 2023.  Neither Potential Father nor his counsel filed or served any paternity action by May 15, 2023, the thirtieth day after the Notice.

¶4            On May 18, 2023, Potential Father's counsel unsuccessfully attempted to file a petition to establish paternity.  On May 23, 2023, Potential Father's counsel successfully filed a petition.  On May 26, 2023, Potential Father's counsel served Mother, twelve days after the thirty-day deadline imposed by A.R.S. § 8-106(G)(3) and set forth in Mother's Notice.

**¶5**         Mother moved to dismiss Potential Father's petition as untimely.   Potential Father filed a written response, which raised arguments against the application of A.R.S. § 8-106(G) and (J), but no argument of ineffective assistance of counsel.   The court held oral argument, at which Potential Father was represented by other counsel. New counsel argued against the application of A.R.S. § 8-106(G) and (J), but made no argument of ineffective assistance by previous counsel.   After argument, the court granted Mother's motion to dismiss, explaining that Potential Father did not comply with A.R.S. § 8-106(G), and had missed the thirty-day window to initiate a proceeding and notify Mother of it.

**¶6**         Potential Father filed a motion to alter or amend the judgment, claiming he complied with A.R.S. § 8-106.01 and thus, the thirty-day deadline should have started running from Child's birth on May 1, 2023, and not April 14, 2023.   The court denied these motions.   The court explained that complying with A.R.S. § 8-106.01 does not comply with A.R.S. § 8-106(G).   Potential Father does not raise those arguments in this court.

**¶7**         Potential Father timely appealed.   We have jurisdiction. A.R.S. §§ 12-120.21, and 12-2101(A)(1); Ariz. Const. art. 6, § 9.

## DISCUSSION

**¶8**         Potential Father appeals the superior court's decision granting Mother's motion to dismiss his petition for paternity, legal decision-making and child support, and to terminate Mother's rights. Potential Father argues his counsel's failure to timely file his petition to initiate paternity proceedings and serve Mother was ineffective assistance of counsel that violated his rights to due process.  We first explain the legal effect of Potential Father's undisputed failure to comply with A.R.S. § 8-106(G), and then consider the merits of his argument that his rights to fundamental fairness were violated by ineffective assistance of counsel.

I.      **The Court Did Not Err By Granting Mother's Motion to Dismiss Potential Father's Petition to Initiate Paternity Proceedings, Given His Undisputed Failure to Comply with A.R.S. § 8-106(G).**

**¶9**         Mother argues that because Potential Father failed to comply with the thirty-day statutory deadline requirement in A.R.S. § 8-106(G), he waived his right to notice of hearings concerning Child's adoption and his ability to object to adoption or termination of parental rights under A.R.S. § 8-106(J).   Claiming ineffective assistance of counsel and declining to engage Mother's statutory argument, Potential Father concedes he failed to

comply with A.R.S. § 8-106(G). We review the court's order granting a motion to dismiss under Arizona Rules of Family Law Procedure 29(a)(6) *de novo*. *Cox v. Ponce in and for Cnty. of Maricopa*, 251 Ariz. 302, 304 ¶ 7 (2021). The Arizona Supreme Court has made clear that when a "father fails to comply with § 8-106(G)'s requirements, § 8-106(J) bars him from bringing or maintaining any action asserting any interest in the child." *Id.* at 305 ¶ 9.

**¶10** As Mother argues, this case is like *Cox*. There, a father filed a paternity action sixteen days after the statutory thirty-day deadline, while Potential Father here filed twelve days late. *Cox*, 251 Ariz. at 304 ¶ 5. There, as here, counsel's failings played a leading role. The father in *Cox* had counsel who held a mistaken belief that an adoptive couple would "back out gracefully from the adoption proceedings" in certain circumstances. *Id.* at 304 ¶ 3 (cleaned up). There, as here, the father sought relief from the deadline in A.R.S. § 8-106(G) and the related waivers in A.R.S. § 8-106(J). Explaining that A.R.S. § 8-106(J) is a statute of repose, our supreme court rejected that father's request for relief from it, because "it is not subject to equitable exceptions." *Id.* at 307 ¶ 20. As the court explained, "[t]he law favors rapid placement so that the child can bond with those who will be the legal parents and not with those from whom the child may be taken. This sound policy benefits the child, the natural parents, the prospective adoptive parents, and society." *Id.* at 307 ¶ 19 (citing *Frank R. v. Mother Goose Adoptions*, 243 Ariz. 111, 115 ¶ 22 (2017)) (cleaned up).

**¶11** We are mindful that *Cox* predates *Royce C. v. Dep't of Child Safety*, 252 Ariz. 129 (App. 2021), which established the parameters of a claim of ineffective assistance of counsel in the context of terminating parental rights. *Id.* at 136 ¶¶ 16-21. We are also mindful that the father in *Cox* raised equitable, and not constitutional, arguments against applying A.R.S. § 8-106(G) and (J). But *Cox* makes clear that on these facts, the court correctly applied these statutes to Potential Father's attempts to pursue parental rights through time-barred filings. We next discuss Potential Father's argument that, despite these statutes, his federal constitutional right to due process requires the court to consider his untimely filings.

**II.    Because Potential Father Had Notice of the Deadline and Interests at Stake, But Failed to Participate, Dismissing His Petition Did Not Violate His Rights to Due Process.**

    **A.    Legal Standards**

**¶12** Potential Father relies on *Royce C.* to argue that his counsel's late filing was ineffective assistance of counsel that violated his right to due

process. We review *de novo* whether Potential Father's rights to right to due process were violated. *See Trisha A. v. Dep't of Child Safety*, 247 Ariz. 84, 88 ¶ 16 (2019). However, when a party fails to raise an issue in the superior court, as Potential Father failed to raise ineffective assistance of counsel here even when represented by other counsel in post-judgment practice, that waives the argument for appeal. *Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 536 ¶ 9 (App. 2018). We may nonetheless exercise our discretion to address the merits of waived arguments on appeal. *Marianne N. v. Dep't of Child Safety*, 243 Ariz. 53, 56 ¶ 13 (2017). Given the importance of the right at stake, we do so here.

### B. Differing Constitutional Protections for Judicially Determined Fathers and Potential Fathers

**¶13** Mother argues Potential Father's failure to establish paternity judicially diminishes the strength of his constitutional interest. *See David C. v. Alexis S.*, 240 Ariz. 53, 56 ¶ 14 (2016) ("A potential father is a man, identified by the mother in the affidavit, who is or could be the father of the child, but whose paternity has not been established."); *Juv. Severance Action No. S-114487*, 179 Ariz. 86, 93-94 (1994) ("Although parents with an existing parental relationship, either in fact or law, are entitled to the highest constitutional protection, an unwed father must first take steps to establish a parent-child relationship before he may attain the same protection.").

**¶14** Potential Father argues hiring counsel was a sufficient assertion of his parental interest to give him "substantial protection under the due process clause," analogizing himself to a registrant in a putative father's registry. *See Frank R. v. Mother Goose Adoptions*, 239 Ariz. 184, 192 ¶ 27 (App. 2016), *affirmed in relevant part, vacated in part*, 243 Ariz. 111, 117 ¶ 37 (2017). Potential Father argues that even if his interest is not on constitutional par with that of a judicially determined father, because he did not actually comply with A.R.S. § 8-106(G), his interest is at least an "inchoate interest [that] is nonetheless constitutionally protected from undue interference." As we next explain, even treating Potential Father as if he were an adjudicated father and not merely a potential father, we find actual notice to him requires us to affirm. We thus do not resolve the parties' dispute over the degree of constitutional protection owed to Potential Father.

**C.**     **Potential Father's Right to Fundamental Fairness Was Not Violated Because He Had Actual Notice His Rights Were Subject to Imminent Termination.**

¶15        Mother's Notice to Potential Father defeats his claim of ineffective assistance of counsel.  The Arizona Supreme Court has made clear that when a parent has actual notice of an intention to sever his parental rights – even in the absence of a notice under A.R.S. § 8-106(G), such as Mother served here – the parent's constitutional right to due process is not violated when they fail to act despite that notice.  *Frank R.*, 243 Ariz. at 117 ¶ 32 ("Thus, because Frank had actual notice of the proceedings and an opportunity to timely register, his procedural due process rights were not violated."); *id.* at ¶ 33 (referring to Frank as "a father"); *Frank R.*, 239 Ariz. at 189 ¶ 17 (noting DNA testing confirmed Frank was biological father), *affirmed in relevant part*, 243 Ariz. at 117 ¶ 37.

¶16        Here, Potential Father had the Notice, which told him he had to act by May 15, 2023, or his parental rights would be extinguished.  A.R.S. § 8-106(G), (J).  Potential Father has not questioned the constitutional sufficiency of the Notice.  Despite knowing what was at stake and the deadline, Potential Father took no further steps after retaining counsel on May 8, 2023.  The record reflects no further communication between Potential Father and his counsel by May 15, 2023, and no further steps taken by Potential Father personally despite his knowledge.  Instead, Potential Father's wife (not Potential Father) approved counsel's proposed filing on May 16, 2023, when it was already too late to serve Mother.  Counsel's failure to file on May 18, 2023 is irrelevant – it was already too late to serve Mother.  Potential Father's actual notice and his lack of timely action mean his right to due process was not violated.  *Frank R.*, 243 Ariz. at 117 ¶ 32.

¶17        *Royce C.* supports this outcome.  It tells us not to "look first to whether counsel's conduct fell below professional norms," but rather, to the contours of the proceeding at issue, to determine whether it adequately protected Potential Father "against arbitrary action of [the] government." 252 Ariz. at 136 ¶ 20.  We emphasize Potential Father's notice under A.R.S. § 8-106(G), and his lack of any challenge to the constitutional sufficiency of notice to him, because Potential Father's own opportunity to react to the Notice is the proceeding at issue.  It is Potential Father's own inaction we analyze, in a proceeding where he was not threatened by any action of government, arbitrary or otherwise.  Potential Father was thus not subjected to the "undue interference" Potential Father correctly argues he is protected against by the constitution.  *See Juv. Severance Action No. S-114487*, 179 Ariz. at 94 (explaining "the state may not unduly interfere with

an unwed father's ability to develop [a] relationship with his child."). Given the constitutional sufficiency of the Notice itself, Potential Father's failure to respond, which is largely attributable to him personally, does not trigger what we define as "an extraordinary remedy, unavailable in all but the most egregious cases." 252 Ariz. at 138 ¶ 26.

**¶18**      Our unpublished decision in *In re L.C.* – one of a handful of decisions that have considered claims of ineffective assistance of counsel in the context of parental rights – reinforces our analysis. *See No. 2 CA-JV 2022-0041*, 2022 WL 3354005 (Ariz. App. Aug. 15, 2022) (mem. decision). There, we rejected a father's claim of ineffective assistance of counsel when he failed to attend a juvenile court hearing of which he had notice, and which he could have attended of his own accord, when his counsel failed to prompt him to do so. *In re L.C.*, 2022 WL 3354005 *3 ¶ 13. Because that father had knowledge and the opportunity to attend but did not do so, his nonattendance did not "undermine[] the fundamental fairness of the proceeding." *Id.* So it is here – Potential Father knew both before and after he hired counsel that he needed to file a petition and serve it on Mother by May 15, 2023, but failed to do so. Thus, terminating Potential Father's rights through that process did not deny him fundamental fairness.

## CONCLUSION

**¶19**      For these reasons, we affirm the court's decision to grant Mother's motion to dismiss.

